In the Matter of CLARA SARLO, Petitioner, *v.* VINCENT SARLO et al., Respondents.

Supreme Court, Special Term, Kings County, December 9, 1966.

*Arnold P. Azarow* for petitioner. *Arthur M. Greenspan* for respondents.

WILLIAM T. COWIN, J. The petitioner, by motion made pursuant to CPLR 3102 (subd. [c]), seeks an order for the examination of the respondents. She also seeks the production of a certain trust agreement. No action has as yet been commenced. According to the supporting affidavits and the documentary evidence submitted, Salvatore Sarlo, deceased husband of the petitioner, and four other individuals, by a deed dated April 24, 1964, granted to the three respondents all their right, title and interest in and to four parcels of real property including the premises wherein the petitioner and her husband had resided. The recited consideration for said conveyance is a "trust agreement" entered into between the parties to the conveyance and "other good and valuable consideration." The deed recorded on June 2, 1964 bears the notation "no revenue stamps attached."

Petitioner's husband, Salvatore Sarlo, died on January 11, 1965. Petitioner, in her moving affidavit, asserts that she learned of the transfer of her husband's interest shortly after his death; that she was forced to vacate said premises but was verbally promised that "I would be taken care of"; that her requests for permission to inspect the trust agreement referred to and for information pertaining to the transfer have been denied; that based on the fact that her husband was seriously ill at the time he executed the deed and at the time of his death, she has reason to believe "that there *may* have been a fraud or

circumstances *may* have existed which caused my husband to unknowingly transfer said property '' (emphasis supplied). Her attorney, in an affidavit submitted on her behalf, alleges only that he was retained to institute an action to rescind the transfer of the property referred to in the afore-mentioned conveyance; that based upon communications, discussions and investigation of the facts, he believes '' that it is essential to commence such a law suit that Clara Sarlo be permitted to obtain and inspect a certain trust agreement alleged to be the consideration for said transfer and further examine under oath the following individuals: Vincent Sarlo, Eugene Sarlo and Catherine Sarlo   *   *   * that he believes after examination of said documents and individuals, his client will have a meritorious cause of action and a reasonable possibility of success in rescinding the transfer of said property and obtaining said property as the widow of Salvatore Sarlo.''

The affidavits in support of the instant motion are wholly insufficient.

It is apparent that the moving party is seeking disclosure pursuant to that portion of CPLR 3102 (subd. [c]) relating '' to aid in bringing an action ''. The right to a disclosure before an action is commenced is accorded to a prospective party only when it is necessary for the protection of his rights (*Matter of Cohen [Steward]*, 179 Misc. 6; *Matter of Moto Bloc Import Co.*, 140 App. Div. 532). The scope of such an examination is limited to precise issues and the petitioner must show in her affidavits details sufficient to enable the court to determine whether the examination would be proper (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.15). The moving party fails to demonstrate the essentials required and the necessity for the examination and inspection. Nor does she charge any of the persons she seeks to examine with any wrongdoing.

However liberally we may view the disposition of litigated issues by facilitating the process of examining adverse parties and inspecting their records and papers, there is a fair boundary to this process which ought to be respected when the purpose of the examination is to frame a complaint against the party to be examined (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582). The liberality of CPLR 3101 *et seq.* has not changed the established rules, and more than conclusionary statements of suspicion and conjecture are necessary (*Zakarias* v. *Radio Patents Corp.*, 20 A D 2d 795).

It well may be that on the few facts that have been disclosed in the petitioner's affidavit and other facts that she may have in her possession that plaintiff may have sufficient information to

enable her to draw a complaint without the necessity of the examination and inspection she now seeks (*Zakarias* v. *Radio Patents Corp., supra*; *New Rochelle Precision Grinding Corp.* v. *Marino,* 9 A D 2d 685). Accordingly the motion is denied.