■ In the Matter of DONALD THOMAS, Respondent, v NEW YORK CITY TRANSIT POLICE DEPARTMENT, Appellant. — Order, Supreme Court, New York County (Cerrito, J.), entered July 6, 1982, granting petitioner's motion, directing the boro chief clerk, Albert Feureisen, Criminal Court of the City of New York, to retain custody of files and records pending further order of court and to produce those files and records for discovery, inspection and reproduction by petitioner's attorney, and prohibiting the New York City Transit Police Department from destroying, altering or releasing custody of said files and records should they fall into possession of that department, unanimously reversed, on the law and the facts, without costs, and it is directed that the files and records be delivered to Norman Goodman, County Clerk of New York County, for impoundment by him, subject to further order of the court in the pending civil action, upon application at Special Term for discovery and inspection, and it is further directed that should records come into the possession of respondent New York City Transit Police Department they shall not be destroyed or altered. Petitioner, a reporter for a community newspaper, was allegedly

racially harassed by respondent's Transit Police Officer Marsala, then arrested by the latter on charges of disorderly conduct and resisting arrest, and then allegedly beaten by Marsala at the police station in the presence of the latter's partner, Officer App. Through counsel, petitioner applied for discovery of the police personnel and civilian complaint review board records of Officers Marsala and App. The Criminal Court Judge directed the issuance of a subpoena duces tecum for these records in accordance with section 50-a of the Civil Rights Law. Upon production, the records were inspected *in camera* by the Judge, who determined that they were material and relevant to the criminal action and thus should be furnished to defense counsel. The Judge then turned the records over to the District Attorney for his review. The court was later informed that respondent's courier who delivered the records to the court had vowed to defense counsel and the District Attorney, after the court session, that petitioner would never get his hands on these records, and warned that the District Attorney should return the records to the Transit Authority forthwith. The District Attorney subsequently moved to dismiss with prejudice all criminal charges against petitioner. When petitioner persisted in his request to inspect these files and records, the District Attorney opposed on the ground that termination of the criminal proceedings had rendered such an inspection academic. But petitioner had in mind a different use for these files and records, namely, the instant civil proceeding. Acting on a request by petitioner, the Criminal Court Judge stayed dismissal of the criminal action for 30 days, during which time the chief clerk was directed to secure the records in question for safeguarding and preservation. Petitioner then moved in Supreme Court, prior to any service of summons and complaint, for a show cause order for continued preservation of the records and for preaction disclosure and inspection, citing the threats received concerning these records during the criminal proceedings. Respondent opposed this motion, citing confidentiality of such personnel files and the fact that the Criminal Court Judge had overstepped his authority in ordering the files held in contemplation of the instant civil action. Subdivision 3 of section 50-a of the Civil Rights Law provides that a Judge is to determine the relevance and materiality of police personnel records in an action before him after *in camera* review. Respondent urges that no such *in camera* inspection ever took place, or even was ordered, in the context of the instant civil action. However, such a review did take place, without objection, during the criminal proceeding, at which time the Criminal Court Judge determined that the records were material and relevant to the defense of that proceeding. The standard of relevancy and materiality is no less in this related civil action. While the doctrine of collateral estoppel may not apply because the civil action has not yet formally been commenced, Special Term does have the discretionary authority to grant preaction disclosure "to aid in bringing an action [or] to preserve information" (CPLR 3102, subd [c]), in order to assist a petitioner in framing his pleadings (*Green v Green's Auto Gear & Parts Co.,* 35 AD2d 924, 925). The record bespeaks a definite need for judicial intervention to protect and safeguard these records pending the commencement of the civil action. Inasmuch as no court in the present civil action has had an opportunity to review these records for a determination as to relevance and materiality in said action (Civil Rights Law, § 50-a, subd 3), we deem it inappropriate to order disclosure of the files and records to petitioner at this juncture, prior to an *in camera* inspection at Special Term. Concur — Markewich, J. P., Silverman, Bloom, Fein and Alexander, JJ.