■ In the Matter of MOHAN B. MURJANI, Respondent, v DIANE MING, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered March 13, 1989, which granted the petition to the extent of directing respondent to produce all books, records and papers relating to Chemical Bank account No. 020-373-570 and any other account she maintained on behalf of petitioner or his companies; and order and judgment (one paper) of said court, entered May 22, 1989, which granted petitioner's motion for reargument, and thereupon, also directed Chemical Bank to produce the papers with respect to said specified account, and denied respondent's cross motion for reargument, unanimously affirmed, with costs.

Petitioner demonstrated that he employed respondent as his personal secretary in New York, had her open an account in her name to pay his business expenses in New York, and that there had likely been unauthorized activity with respect to the account prior to respondent's sudden departure from employment. Petitioner has been unable to obtain records of the account, of which he was, without contradiction, beneficial owner. Disclosure of such limited documentary material, in order to enable petitioner to frame a complaint, is well within the ambit of preaction disclosure pursuant to CPLR 3102 (c) where petitioner has demonstrated he likely has causes of action against respondent *(Matter of Simpson [Traum],* 63 AD2d 583 [1st Dept]; 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3012.13, 3012.14). Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.