■ CATHERINE A. MORRISON, Also Known as CATHERINE NORRIS, Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [639 NYS2d 372]

As we noted in *Svaigsen v City of New York* (203 AD2d 32, 33), "[w]hen a State court entertains a Federally created cause of action, the ' "federal right cannot be defeated by the forms of local practice" ' * * * [t]his [being] especially true of section 1983, which was enacted particularly to vindicate Federal rights 'against deprivation by state action' ". Thus, we held it appropriate to follow Federal law when assessing the discoverability of documents sought therein. We reach the same conclusion here since "[t]he rationale behind the liberalized discovery standards in title VII actions apply equally to discrimination actions brought under State law" (*Matter of O'Grady v City of New York*, 164 Misc 2d 171, 173-174). "[I]n order to prevail on a sexual harassment claim plaintiff must establish that a sexually hostile working environment existed and that her employer either condoned or was in some way responsible for the alleged abusive conduct" (*Klausner v Propper Mfg. Co.*, 1989 WL 259992, 4 [Sup Ct, NY County, Nov. 20, 1989, Saxe, J.], citing, *inter alia*, *Meritor Sav. Bank v Vinson*, 477 US 57).

Inasmuch as the OEEO files would reveal the frequency with which similar claims have been alleged and the specific nature of those claims, such information would be relevant as to whether defendants created a hostile work environment, as plaintiff has alleged. Moreover, the documents relating to plaintiff's reinstatement are similarly relevant. Withholding these documents would leave plaintiff with no meaningful method by which to prove her Federal claims. The court's order adequately provided for redaction of nonfactual information.

We have reviewed defendants' other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.