■ In the Matter of WIEN & MALKIN, L. L. P., Respondent, v LOUIS A. WICHMAN, Appellant. [680 NYS2d 250] —Order, Supreme Court, New York County (Barry Cozier, J.), entered April 20, 1998, insofar as it granted the application of petitioner Wien & Malkin, L. L. P. for preaction discovery pursuant to CPLR 3102 (c) and ordered petitioner to deposit all sums due respondent per agreement of the parties into an interest bearing escrow account pursuant to CPLR 2701, and orders, same court and Justice, entered May 13, 1998 and June 15, 1998, insofar as they extended the period during which respondent's deposition was permitted to June 30, 1998 and directed petitioner to continue to deposit all sums due respondent into the escrow account, unanimously affirmed, with costs.

The court properly exercised its discretion in directing preaction disclosure pursuant to CPLR 3102 (c) inasmuch as petitioner established that it likely has causes of action against respondent for misappropriation of trade secrets, unfair competition and breach of contract (see, Matter of Murjani v Ming, 155 AD2d 290) and since the information sought was material and necessary to petitioner's framing of a complaint (see, Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.], 58 AD2d 629; Teall v Roeser, 206 App Div 371). Nor did the court err in directing that severance payments to respondent be made into court since the court possessed " 'inherent plenary power to * * * fashion any remedy necessary for the proper administration of justice' " (Cane v Herman, 209 AD2d 368, quoting People ex rel. Doe v Beaudoin, 102 AD2d 359, 363). The disputed directive we note actually benefits respondent, inasmuch as petitioner had previously stopped paying respondent pursuant to the subject severance agreement.

We have reviewed respondent's other claims and find them to be unavailing. Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.