■ In the Matter of THREE DOTS, INC., Respondent, v LONNY'S WARDROBE, INC., Appellant. [739 NYS2d 701] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 6, 2001, which granted petitioner clothing manufacturer's application for pre-action disclosure to the extent of directing respondent retail store chain to disclose in writing the names and addresses of the persons or entities that, during the two-year period preceding the application, supplied respondent with merchandise bearing petitioner's trademark, unanimously affirmed, with costs.

Respondent's admitted possession of petitioner's trademarked merchandise shows that petitioner likely has a cause of action (see, Matter of Murjani v Ming, 155 AD2d 290) for breach of contract against the as yet unidentified persons or entities that supplied respondent with such merchandise in violation of the restrictive covenant contained in petitioner's contracts with its customers prohibiting the resale of its trademarked merchandise. Accordingly, petitioner is entitled to pre-action

disclosure to aid it in identifying the prospective defendant(s) who apparently violated the subject restrictive covenant (*compare, Matter of Perez v New York City Health & Hosps. Corp.*, 84 AD2d 789, *lv denied* 56 NY2d 508, *with Matter of Stump v 209 E. 56th St. Corp.*, 212 AD2d 410). Nor does respondent show that the identities of its suppliers of petitioner's trademarked merchandise are a trade secret. Such information is not a "formula, pattern, device or compilation of information," and the affidavit of respondent's president does not set forth what efforts, if any, were expended in developing this purported secret (*see, U.S. Reins. Corp. v Humphreys*, 205 AD2d 187, 191, citing *Ashland Mgt. v Janien*, 82 NY2d 395, 407). Furthermore, petitioner, a clothing manufacturer, is not a competitor of respondent, a retail merchandiser, and, since distribution of petitioner's trademarked merchandise is restricted by contract to stores and dealers selected by petitioner, it is not clear how the identities of respondent's suppliers of petitioner's trademarked merchandise can be of any value to respondent's competitors (*see, id.*). Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.