OPINION OF THE COURT
Mitchell J. Danziger, J.
The decision/order of this court is as follows:
Petitioner, Luigi Barillaro, seeks an order permitting him to obtain pre-action discovery in connection with his claims against respondents for personal injuries. Petitioner asserts the following. On August 20, 2015, Luigi Barillaro was working as a plumber for Mar-Sal Plumbing & Heating Inc. on a construction and renovation project at JFK High School in the Bronx. The project included the installation of new natural gas lines to laboratory classrooms on the sixth floor. On the evening of August 20, 2015, while petitioner and his coworkers, Charles Marullo and James Intriago, were working inside laboratory classroom number 640, a gas explosion occurred resulting in injuries to all three individuals. Petitioner contends that prior to the explosion, he and his coworkers, along with individuals employed by or acting as agents on behalf of the respondents, went in and out of the classroom. Petitioner maintains that a video surveillance tape exists that depicts the various individuals walking in and out of classroom 640 on August 19th and August 20th. Petitioner argues that the chronology of the events leading up to the explosion is of significant importance to petitioner’s claims as set forth in his notice of claim. In particular, petitioner seeks an order directing the respondents to turn over the video surveillance tape of the subject classroom that was recorded on August 19 and 20, 2015.[1] In light of the fact that petitioner and his coworkers are required to appear for a pre-action hearing pursuant to General Municipal Law § 50-h, petitioner requests that the video surveillance be turned over before said hearing. Petitioner also avers that this pre-action discovery is required to ensure that the videotape is preserved for the eventual litigation.[2] The attorneys for non-, parties Charles Marullo and James Intriago have submitted affirmations in support of the order to show cause and join in *309 the application for pre-action discovery. Respondents do not deny that the video sought by petitioner exists. However, respondents contend that petitioner’s application must be denied because the video is beyond the scope, boundaries, and purpose of the statute governing pre-action discovery and the case law interpreting same. Respondents point out that there is no case law to support the court granting pre-action discovery in matters, such as this one, where potential plaintiffs are required to appear for a General Municipal Law § 50-h municipal hearing, as a precondition to commencing a lawsuit.
Is pre-action disclosure of video surveillance footage appropriate where a claimant/potential plaintiff is required to appear at a municipal section 50-h hearing? This seems to be a question of first impression in New York. Indeed, case law on - point is nonexistent.
CPLR 3102 (c) provides that before an action is commenced, disclosure to aid in bringing the action, to preserve information or to aid in arbitration, may be obtained, but only by court order. The First Department has interpreted CPLR 3102 (c) as allowing pre-action discovery in order to frame a complaint, to preserve evidence, and to ascertain the identities of prospective defendants (Matter of Uddin v New York City Tr. Auth., 27 AD3d 265 [1st Dept 2006]; Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347 [1st Dept 2000]). “A petition for pre-action discovery should only be granted when the petitioner demonstrates that he has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong” (Holzman at 347, citing Matter of Bliss v Jaffin, 176 AD2d 106, 108 [1st Dept 1991]). The court has discretion to grant pre-action disclosure, “ ‘to aid in bringing an action [or] to preserve information,’ in order to assist a petitioner in framing his pleadings” (Matter of Thomas v New York City Tr. Police Dept., 91 AD2d 898, 899 [1st Dept 1983] [citation omitted]; see also Matter of Wien & Malkin v Wichman, 255 AD2d 244 [1st Dept 1998]).
Petitioner posits that this situation should be likened to one where, during the pendency of a lawsuit, the plaintiff is set to testify at a deposition and a surveillance video exists. Under that scenario, the Court of Appeals has held that CPLR 3101 (i) mandates prompt, “full disclosure” of surveillance tapes prior to a plaintiff being deposed and that the statute “requires *310 full disclosure with no limitation as to timing, unless and until the Legislature declares otherwise” (Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d 383, 389-390 [2003]). Petitioner asserts that the fact that no action is pending, solely due to the requirement that the precondition of the General Municipal Law be met prior to commencing the lawsuit, should not allow for a game of “gotcha” to be played by the respondents. On the other hand, respondents assert that the rule for disclosing videotapes prior to a plaintiff’s deposition only applies to cases that are already in suit. Therefore, respondents continue, petitioner is only entitled to pre-áction discovery as permitted by CPLR 3102 (c) and that there is no precedent that compels the court to require the production of pre-action discovery under the circumstances presented here. While it may be true that no precedent compels this court to require the production, no precedent compels this court to deny the application either.
Initially, the court notes that CPLR 3102 (c) does not limit the scope of disclosure set forth by CPLR 3101. Instead, it permits a potential plaintiff to obtain items set forth in section 3101, including surveillance footage, prior to the commencement of the action under certain circumstances. In Tai Tran, the Court of Appeals considered the question of whether a defendant should be required to produce a surreptitiously recorded video of plaintiff prior to his deposition. In conducting its analysis, the Court recognized that requiring full disclosure of surveillance tapes before a plaintiff is deposed reintroduces the prospect of tailored testimony. However, the Court found that the legislature’s “pointed recasting of the relevant discovery provisions” requires “full disclosure with no limitation as to timing” (Tai Tran at 389-390). The Court of Appeals’ use of the language, “no limitation as to timing, unless and until the Legislature declares otherwise,” leads this court to believe that the ruling is not limited to actions in suit. Instead, the ruling should be applied to all scenarios where a plaintiff is required to give sworn testimony about his claim and defendants possess a surveillance video that may credit or discredit his claims. This court finds that the Court of Appeals’ holding in Tai Tran should extend to pre-action discovery in certain matters, such as the instant one.
Respondents are correct that the scope of disclosure set forth by CPLR 3101 relates to matters that are material and necessary in the prosecution or defense of an action. However, the precondition of the section 50-h hearing muddies the waters.
*311 “General Municipal Law § 50-h is not designed to duplicate the broad and comprehensive method of obtaining disclosure provided for in the CPLR. The purpose of the hearing, as a supplement to the notice of claim, is to afford the [municipal respondent] an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement” (Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481, 487 [1st Dept 1986]).
Initially, with this in mind, it seems that all parties would benefit from the disclosure of the surveillance tape in this case, particularly in relation to the purpose of encouraging settlement. By viewing the tape, the parties will be in a better position to know more about what happened prior to the explosion and will be better informed as to make settlement demands and offers. Notwithstanding the above, the purpose of a section 50-h hearing in principle can be quite divergent from its ultimate effect in practice. General Municipal Law § 50-h permits a municipality to demand an examination of the claimant relative to the occurrence and the extent of the injuries or damages for which the claim is made. There are no other limitations placed on the questions that may be posed at the hearing. Under these circumstances, respondents have the opportunity and advantage of viewing the surveillance footage and forming tailored questions based on what is observed before conducting the hearing. It seems that the disadvantage faced by petitioner herein is just the type of disadvantage that the Court of Appeals sought to balance in Tai Tran.
Respondents’ reliance on Matter of Uddin v New York City Tr. Auth. (27 AD3d 265 [1st Dept 2006]) in support of their assertion that pre-action discovery is not appropriate where a notice of claim is filed is not on point. In Uddin, the claimant sought the investigative file relating to her fall onto a train track. The Court found that the only purpose of permitting pre-action disclosure of the investigative file would be to explore alternative theories of liability, which is not a proper basis for invoking CPLR 3102 (c). The court finds the instant matter distinguishable.
Here, the purpose of permitting the pre-action disclosure of the video is twofold. First, the disclosure will level the playing field in that the petitioner will have the opportunity to view footage, including footage of himself, leading up to the expío *312 sion. Therefore, the disclosure would avoid the problem sought to be avoided in Tai Tran. Second, in this particular case, the disclosure is appropriate to assist the petitioner in framing his complaint. Petitioner alleges that he and his coworkers were injured in a severe explosion. In light of the extremely volatile and traumatic nature of the event complained of, it is entirely possible that the cognitive abilities of the petitioner to recall the events leading up to the explosion have been placed in question. The video may contain footage of additional persons entering and exiting the classroom in which petitioner was working, now unknown to petitioner. The footage may also show footage which petitioner and his coworkers cannot recall as a result of any trauma sustained by them in the explosion. Consequently, permitting the pre-action discovery may help assist petitioner in framing his complaint. Again, the court has discretion to permit pre-action discovery in order to assist a plaintiff in framing his pleadings (Matter of Thomas v New York City Tr. Police Dept., 91 AD2d 898, 898 [1st Dept 1983]; see also Matter of Wien & Malkin v Wichman, 255 AD2d 244 [1st Dept 1998]).
Therefore, under the particular circumstances of this case and in light of the Court of Appeals’ implied guidance to permit a plaintiff the opportunity to view surveillance video of himself that is related to his claim prior to him giving sworn testimony regarding his claim, the court finds that pre-action disclosure of the video is warranted. Based on the foregoing, the respondents are hereby directed to provide copies of the video surveillance of classroom 640 from the dates of August 19, 2015 and August 20, 2015 to the petitioner’s attorney within 30 days of the entry date of this order. The section 50-h hearing shall not be conducted until the video has been produced as described above. However, this order shall not act as an instrument to extend any applicable statute of limitations for commencing a lawsuit.

. Petitioner originally also sought an order directing respondents to turn over documents concerning an investigation performed by the fire marshal including findings and conclusions regarding the explosion and the cause thereof. However, petitioner has withdrawn that portion of his application. .

. Respondents have agreed to preserve the video should the same be ordered by the court.