■ NORA BURKE, Respondent, v. CITY OF NEW YORK, Appellant.— Order entered on April 24, 1962, granting plaintiff's motion for leave to serve a complaint in the action, unanimously reversed on the law and the facts, and, in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied. Plaintiff was involved in an accident in the courthouse of the Surrogate's Court, New York County, on March 17, 1958. Suit was commenced against defendant by the service of a summons on March 16, 1959. Defendant appeared the same day and demanded a copy of the complaint in the action. Under section 257 of the Civil Practice Act, the complaint must be served within 20 days after the demand and if the plaintiff's attorney fails to serve a copy of the complaint defendant may apply to the court for a dismissal of the complaint. On February 14, 1962 — almost three years after service of the summons — plaintiff's attorney served a complaint, which was promptly returned by defendant. Plaintiff then made the instant motion for leave to serve a complaint, which motion was in effect an application to open the default in not serving the complaint up to that time. In our opinion there was no adequate justifiable excuse presented for the long delay in serving the complaint. Plaintiff's attorney failed to demonstrate any causal connection between the pressure of official business as a member of the New York State Assembly at the time the suit was commenced and the subsequent delay in serving a complaint. The further excuse of removal of the attorney's office and the misplacing of the file in the course of moving has been rejected as inadequate in other cases. (*Moshman* v. *City of New York*, 3 A D 2d 824; *Malekian* v. *McLean Trucking Co.*, 10 A D 2d 825.) Concur — Botein, P. J., Breitel, Valente, Steuer and Bastow, JJ.

■ IRVING COTLER et al., Appellants, v. RETAIL CREDIT COMPANY, Respondent.— Order entered on December 11, 1962, granting reargument and upon such reargument denying motion for discovery and inspection in order to frame a complaint grounded on libel unanimously affirmed, on the law, the facts and in the exercise of discretion, with $20 costs and disbursements to defendant-respondent. Plaintiffs have submitted their own affidavit reciting certain information allegedly furnished them by some unidentified member of their corporate insurance broker concerning the supposed contents of a confidential report furnished life insurance companies by defendant, which is an investigating and reporting agency. "A plaintiff seeking an examination of a defendant to frame a complaint must show his case has merit" (*Kenerson* v. *Davis*, 278 App. Div. 482, 485); and the affidavit of plaintiffs, unsupported by affidavits of other persons having information of the contents of the report, falls short of constituting such a showing. Plaintiffs may not secure an examination or discovery in order first to explore the feasibility of framing a complaint. It may be that plaintiffs can present under oath "facts which will fairly indicate * * * some cause of action against the adverse party" (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582, 583). This determination is therefore without prejudice to a renewal of the motion in the event plaintiffs can make a credible showing that they have suffered actionable wrong at the hands of defendant. Concur — Botein, P. J., Breitel, Valente, Steuer and Bastow, JJ.