■ CITY COUNCIL OF THE CITY OF BEACON, Petitioner, v. TOWN BOARD OF THE TOWN OF FISHKILL, Respondent.— Proceeding pursuant to section 712 of the General Municipal Law for a judgment that petitioner's proposed annexation of certain territory in the Town of Fishkill is in the over-all public interest. On December 16, 1970, this court designated Justices Eager, Dempsey and McCullough as Referees to hear and report on the issues. The Referees have filed their report finding that petitioner had not sustained its burden of showing that the proposed annexation was in the over-all public interest. Having heard oral argument by the parties, we confirm and adopt the Referees' report, findings and conclusions and the petition is dismissed, without costs. In the absence of any immediate plans or established need to develop the territory, no discernible benefit of substance would accrue to petitioner, to the town or to the territory from annexation at this time. The advantage to the owner of the territory derived from an annexation does not in itself establish that the over-all public interest would be served. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

■ DAIN & DILL, INC., Respondent, v. DANIEL L. BETTERTON, Appellant. (Action No. 1.) (And Four Other Actions.) — Appeal by Daniel L. Betterton and Betterton Homes, Inc., parties in these consolidated actions, from an order of the Supreme Court, Putnam County, dated February 28, 1972, which, upon said court's own motion at a pretrial conference, (1) severed Action No. 3, the fourth-party action in Action No. 2 and a counterclaim and the third-party action in Action No. 4, (2) referred the remaining actions to a Referee to hear and report and (3) adjourned the severed matters. Order reversed, on the law and in the exercise of discretion, without costs, and case remanded to the trial court for joint trial. The several suits were consolidated for joint trial by three orders of the Supreme Court, Putnam County, respectively dated June 14, 1966 (per Dickinson, Acting J.), April 29, 1970 (per Fanelli, J.) and December 2, 1970 (per Galloway, J.). In severing the cases as it did, after three prior orders of the Special Term had consolidated them for joint trial, we think the trial court exceeded its authority. " Setting aside the judicial act of one judge by another of co-ordinate jurisdiction is avoided, wherever possible, as not conducive to the orderly administration of justice" (Matter of United Press Assns. v. Valente, 281 App. Div. 395, 398, affd. 308 N. Y. 71). We think, furthermore, that the Special Term decision, per Mr. Justice Fanelli, established the law of the case, that that decision was binding upon all courts of co-ordinate jurisdiction and that such other courts may not arrogate to themselves powers of appellate review (George W. Collins, Inc. v. Olsker-McLain Ind., 22 A D 2d 485). Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ WASIL DOHANICH, Appellant, v. MARY C. GALLAGHER et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, entered May 14, 1971, which denied his motion to amend his bill of particulars. Order affirmed, without costs. The proposed amendatory matter may be offered in evidence by plaintiff under the existing bill of particulars. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.