■ In the Matter of MELVIN BYRD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Board of Parole, dated September 8, 1977, which denied petitioner's application for release on parole, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered September 11, 1978, which dismissed his petition. Appeal dismissed as academic, without costs or disbursements. It appears that the petitioner has been released on parole (see *Matter of Melton v Regan,* 54 AD2d 716; *Matter of Heyward v Hammock,* 70 AD2d 719). Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.

■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v DIRECTOR OF THE QUEENS CHILDREN'S PSYCHIATRIC CENTER et al., Appellants.—Order of the Supreme Court, Queens County, dated January 2, 1980, affirmed insofar as appealed from, with $50 costs and disbursements. (See *Matter of Camacho v Iafrate,* 66 AD2d 799, mot for lv to app dsmd 46 NY2d 897.) Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.

■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v DIRECTOR OF THE QUEENS CHILDREN'S PSYCHIATRIC CENTER et al., Appellants.—Order of the Supreme Court, Queens County, dated October 22, 1979, affirmed, with $50 costs and disbursements. (See *Matter of Camacho v Iafrate,* 66 AD2d 799, mot for lv to app dsmd 46 NY2d 897.) Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.

■ In the Matter of FRANK J. CORIGLIANO, Respondent. GARY CORIGLIANO, Appellant.—In a proceeding pursuant to CPLR 3102 (subd [c]) to obtain disclosure as an aid to bringing an action, the appeal is from an order of the Supreme Court, Westchester County, entered September 5, 1979, which, *inter alia,* granted the petition. Order reversed, on the law, with $50 costs and disbursements, and application denied. The facts disclosed in petitioner's affidavit indicate that he has sufficient information to enable him to draw a complaint without the examination which he requests (see *Zakarias v Radio Patents Corp.,* 20 AD2d 795). In view of the determination herein, we find it unnecessary to pass upon the ethical issue presented. Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.