OPINION OF THE COURT
Martin B. Stecher, J.
The petitioner by order to show cause initially sought a preliminary injunction enjoining the respondent, Current Cab Corporation, from disposing of or altering a taxicab in which the petitioner was riding at the time she was alleged to have been injured. From the response, it appears that three days after the accident, “the remains of the vehicle, including all mechanical components thereof, were scrapped and sold to one, Vernon Parris, on February 8, 1985.”
According to the petitioner’s papers, the driver related to both petitioner and the police officer that the accident was caused by a “jammed” accelerator. It is apparent that the petitioner wishes to preserve evidence for trial both against the cab company and its driver, and perhaps against the manufacturer of the car.
Although the scheme of CPLR 3106 contemplated the existence of an action before taking a deposition, the statute (CPLR 3102 [c]) does provide that “[bjefore an action is commenced, disclosure to aid in bringing an action, to preserve information *** may be obtained, but only by court order.” Although “[t]he usual purpose for examining before commencement of the action is to preserve the testimony of a material witness * * * whose evidence is likely to be lost by his death or departure from the jurisdiction” (see, Weinstein-Korn-Miller, NY Civ Prac *775 ¶ 3102.10), the statute clearly, by its language, anticipates the preservation of more than testimony, the draftsman having been careful to refer to the preservation of “information.” The vehicle object is no less “information” than is the testimony of a witness and under certain circumstances may be more relevant and determinative. The law permits the utilization of disclosure devices to locate a chattel in an effort to utilize the provisional remedy of seizure of a chattel (see, Siegel, NY Prac § 339, at 415).
Given the broad scope of CPLR 3102 (c) and its intended purpose to preserve “information” this motion should be, and is, granted.