■ In the Matter of JAMES A. NICOL et al., Respondents, v TOWN OF ROTTERDAM, Appellant, et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 5, 1986 in Schenectady County, which granted petitioners' application for preaction disclosure.

Petitioners sustained injuries as a result of a one-car accident in respondent Town of Rotterdam, Schenectady County. At the time of the accident, police officers from the Town of Rotterdam, the City of Schenectady and the Village of Scotia were in pursuit of petitioners' vehicle. Petitioners believe that

their accident was caused by negligent police procedures, and moved for preaction disclosure of information necessary to frame a complaint and to identify prospective defendants pursuant to CPLR 3102 (c). After respondents had filed affidavits in opposition to the motion, Supreme Court granted petitioners' application and this appeal by the Town of Rotterdam ensued.

The town argues that petitioners' application should have been denied since they failed to submit their own affidavits setting forth the factual basis for their cause of action against respondents. Petitioners' attorney's affidavit, which contains factual averments relative to the negligence claim, was insufficient for this purpose as the attorney did not have firsthand knowledge of the underlying facts *(see, Cotler v Retail Credit Co.,* 18 AD2d 898; *see also, Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582, 583). In addition, the documents submitted with the attorney's affidavit, an accident report and a police complaint, were also insufficient to meet petitioners' burden to establish a prima facie cause of action since the facts stated in those documents do not indicate any negligence on the part of the police and did not support the factual averments in the attorney's affidavit. In the absence of an affidavit by someone with firsthand knowledge of the facts establishing petitioners' negligence cause of action, Supreme Court should have denied the application for preaction discovery *(see, Cotler v Retail Credit Co., supra).*

Order reversed, on the law, without costs, and application denied. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.