■ In the Matter of Dorothy B. Hughes, Appellant, v Witco Corporation-Chemprene Division, Respondent.—Yesawich Jr., J. Appeals (transferred to this court by order of the

Appellate Division, Second Department) (1) from an order of the Supreme Court (Benson, J.), entered April 12, 1990 in Dutchess County, which denied petitioner's application for preaction disclosure, and (2) from an order of said court, entered June 26, 1990 in Dutchess County, which, upon reargument, adhered to its prior decision.

Petitioner moved pursuant to CPLR 3102 (c) for an order directing respondent, her employer, to permit her to enter its plant and inspect an industrial machine and business records relating to the machine. Petitioner's supporting affidavit indicated that she was injured while operating a "calendar" machine at respondent's business when her left arm was somehow pulled into the machine. Respondent's personnel manager and plant engineer averred, without indicating the basis of their knowledge, that petitioner was injured while operating the "liner rewinder stand", a mechanism independent of the "calendar", and that respondent had designed, manufactured and installed this stand. It is undisputed that following her accident petitioner received workers' compensation benefits on behalf of respondent. Concluding that petitioner's claim pursuant to the Workers' Compensation Law was petitioner's exclusive remedy, Supreme Court denied the inspection request (see, Burlew v American Mut. Ins. Co., 63 NY2d 412, 416); we reverse.

The supporting affidavits presented a question of fact as to which machine, the calendar or the liner rewinder stand, caused petitioner's injuries. And there is no basis to accept respondent's version of which machine was involved, for it did not submit affidavits or evidence in any form from anyone who claimed to have first-hand knowledge of the accident (see, Matter of Nicol v Town of Rotterdam, 134 AD2d 754, 755).

Petitioner's need to inspect the calendar machine to determine how the accident occurred, if that was indeed the machine which caused her injuries, and to ascertain the identity of the manufacturer and designer outweighs any potential inconvenience (notably, none has been claimed) to respondent (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.08). Moreover, petitioner's inability to frame a complaint at this juncture is understandable given her averment that she was reassigned on the day of the accident, was working on a 60-foot long machine with which she was unfamiliar, and finds it difficult to describe the machine itself or how it is operated. Inasmuch as petitioner demonstrated a prima facie cause of action and is not seeking to determine whether she has a cause of action (see, Siegel, Practice Com-

mentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, at 311), she is entitled to conduct pretrial discovery to identify prospective defendants and to discover the precise facts needed to draft the pleadings (see, Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.11).

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and application granted.