■ NINA M., Respondent, v OTSEGO COUNTY SOCIAL SERVICES DEPARTMENT, Appellant, et al., Defendants. [607 NYS2d 748] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ingraham, J.), entered June 4, 1993 in Otsego County, which granted plaintiff's motion for disclosure.

In January 1991, defendant Otsego County Department of Social Services (hereinafter defendant) filed an amended petition in Otsego County Family Court charging plaintiff and her estranged husband with child abuse and neglect. In May 1991, as a result of this petition and the ensuing investigation, a foster child (hereinafter the child), who had lived with plaintiff since February 1986 when he was four days old, was removed from plaintiff's care and placed into another foster home. In June 1991, Family Court determined, *inter alia,* that plaintiff had neglected her children. The child was placed in a prospective adoptive home in February 1992. In April 1992, Otsego County Surrogate's Court dismissed plaintiff's petition to adopt the child and, in May 1992, plaintiff's motion to stay any adoption of the child pending her appeal of Family Court's adjudication of neglect was denied by the court. The child was adopted by persons unknown to plaintiff in December 1992.

In January 1993 this Court modified Family Court's order, reversing the findings of neglect against plaintiff, and dismissing the petition against her *(see, Matter of Nina A. M.,* 189 AD2d 1010, 1012). Shortly thereafter, plaintiff filed a petition

with Otsego County Family Court seeking to abrogate the adoption, but the petition was dismissed on the ground that the adoption order had not been entered in that court. When defendant refused to disclose the identity of the court in which it had been entered, plaintiff moved in Supreme Court for an order compelling this disclosure so that she could commence an abrogation proceeding. Supreme Court granted the motion, prompting this appeal by defendant.

Initially, we find that, contrary to plaintiff's claim, Supreme Court's order is appealable as it affects a substantial right of defendant (CPLR 5701 [a] [2] [v]; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.15), the right to maintain the privacy of information in its possession.[*]

Turning to the merits of plaintiff's application, Domestic Relations Law § 114 provides that access to sealed adoption records may be obtained upon a showing of "good cause" and proper notice to the adoptive parents, and that an adoption may be set aside if the person seeking to do so can demonstrate that it was procured by fraud, or that there is "newly discovered evidence or other sufficient cause" for vacating the order. Inherent in this legislation is the petitioning party's right to appear before the appropriate court and, hence, necessarily learn the identity of that court, for the purpose of putting forth whatever proof might be found to support a finding of either good cause for unsealing the record, in the former case, or of sufficient grounds for vacating the adoption, in the latter.

To deny plaintiff the discovery sought, as defendant urges, would reduce to illusion plaintiff's statutorily provided opportunity to convince the adoption court that there is indeed "good cause" for unsealing the records or for vacating the adoption. Nor can the admittedly strong public policy favoring finality of adoptions justify denial of plaintiff's motion, for revelation of the identity of the court in which an adoption order was entered hardly presents a significant threat to the finality of such an order. Because there is no good reason to deny the discovery sought, and inasmuch as it will permit plaintiff to have her day in court as contemplated by the statute, we cannot say that Supreme Court abused its discretion in permitting the extremely limited discovery sought.

---

[*] We must also reject defendant's suggestion that plaintiff does not have standing to bring this action. Having initially sought to adopt the child, plaintiff has a remedial interest in the abrogation of the adoption that actually took place (see, 3 Carmody-Wait 2d, NY Prac §§ 19.6, 19.7, at 186-189; Siegel, NY Prac § 136, at 204 [2d ed]).

Furthermore, even if this highly unusual motion were to be analyzed according to the standards applied to ordinary preaction disclosure (see, CPLR 3102 [c]; *Matter of Hughes v Witco Corp.,* 175 AD2d 486, 487-488), plaintiff's showing is nevertheless sufficient to warrant granting the motion. The subsequent reversal of the neglect finding against her—which represents the appellate court's determination that the facts at the time of the adoption were, in reality, different than they were thought to be—can be viewed as the type of "other sufficient cause" contemplated by the statute as grounds for vacating an adoption, if the adoption were premised entirely, or substantially, on the reversed order or judgment, or on the underlying factual findings that have been rejected. In this respect, there is no reason to treat an adoption order differently than any other order (see, CPLR 5015 [a] [5]; *Matter of Kane,* 104 Misc 2d 83, 84-85), and to do so would not only run counter to the Legislature's statutory scheme, which recognizes that adoptions can be voided, but would render the concept of appellate "justice" a mere fiction. Whether, and to what extent, the adoption was grounded in the particular findings which have been overturned, or was based on Family Court's decision and order, are matters to be decided by the court entertaining plaintiff's abrogation proceeding.

Mikoll, J. P., and Crew III, J., concur.

White, J. (dissenting). I respectfully dissent. While not denominated as such, plaintiff's application was one for preaction disclosure under CPLR 3102 (c). In order to obtain this relief, it was incumbent upon plaintiff to demonstrate that she had a prima facie cause of action (see, *Matter of Hughes v Witco Corp.-Chemprene Div.,* 175 AD2d 486, 487). The imposition of this burden upon plaintiff is particularly appropriate in light of the State's interest in finalizing adoption proceedings so that the parties, and especially the child, can go forward with their lives secure in the certainty that their legal and familial status can no longer be disturbed (see, *Matter of Robert O. v Russell K.,* 80 NY2d 254, 269 [Titone, J., concurring]; *Matter of Sarah K.,* 66 NY2d 223, 234, cert denied sub nom. *Kosher v Stamatis,* 475 US 1108).

Thus, it was plaintiff's burden in this case to show that the child's adoption should be abrogated because of fraud, newly discovered evidence or other sufficient cause (Domestic Relations Law § 114). Plaintiff's application before Supreme Court was predicated upon the exoneration of the neglect charge against her. In my view this factor standing alone did not satisfy her burden because the validity of an adoption must be

determined in light of the facts and circumstances which existed at the time it was granted and not by subsequent events.

Further, the facts of this case reveal that in May 1991 plaintiff contacted defendant Otsego County Social Services Department and indicated that the child was having serious behavioral problems in her home which resulted in the child being removed from plaintiff's home with her consent, and, upon the recommendation of a psychologist, being placed in another foster home where the child's problems abated.

Considering the above circumstances which cast doubt upon plaintiff being considered a suitable adoptive parent for the child, her failure to establish a prima facie case pursuant to Domestic Relations Law § 114 and the fact that the preservation of a stable home environment is in the best interest of the child, plaintiff's attempt to reopen the adoption should be precluded. Consequently, I would reverse Supreme Court's order and deny the motion.

Ordered that the order is affirmed, with costs.