**34** In the Matter of NINA M., Appellant, v OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [632 NYS2d 242] —White, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 19, 1994, which dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article VII, for abrogation of the adoption of Salvatore Y. due to lack of standing.

Petitioner was the foster parent of Salvatore Y. from February 18, 1986, when he was four days old, until May 1991, when due to behavioral problems he was removed from petitioner's home with her consent and placed in another foster home. Prior thereto, in January 1991, respondent Otsego County Department of Social Services (hereinafter the Department) filed an amended petition in Otsego County Family Court charging petitioner and her estranged husband with neglect. In June 1991, Family Court determined, *inter alia*, that petitioner had neglected her children, including Salvatore. Salvatore was then placed in a prospective adoptive home in Feb-

ruary 1992. Prior to the adoption being finalized, in December 1992 Otsego County Surrogate's Court dismissed petitioner's petition to adopt Salvatore which had been pending for some time.

In January 1993, we modified Family Court's order by reversing the findings of neglect against petitioner and dismissing the petition against her (*Matter of Nina A. M.*, 189 AD2d 1010, 1012). Thereafter, petitioner moved in Supreme Court for an order compelling the Department to disclose the identity of the court in which the adoption had been entered (*see, Nina M. v Otsego County Social Servs. Dept.*, 201 AD2d 788, *lv denied* 83 NY2d 755). Upon learning that Salvatore had been adopted in Warren County, petitioner commenced this proceeding to abrogate the adoption. Following a hearing limited to the issue of standing, Family Court dismissed after finding that petitioner's status as a former foster parent did not confer standing upon her. Alternatively, Family Court found that the petition failed to state a cause of action. Petitioner appeals.

In our prior decision (*Nina M. v Otsego County Social Servs. Dept., supra*, at 789, n 1), we pointed out that petitioner had standing to maintain that proceeding since, having initially sought to adopt Salvatore, "[she] has a remedial interest in the abrogation of the adoption that actually took place". As it would be incongruous to grant petitioner standing in one proceeding and deny it in a related proceeding, we conclude that she has standing in this matter.

Because adoption and the abrogation thereof are entirely statutory and in derogation of the common law, the Legislature's purposes and mandates must be strictly followed (*see, Matter of Robert Paul P.*, 63 NY2d 233, 238; *Matter of Eaton*, 305 NY 162, 165). In light of the Legislature's recognition of the central importance of finality in adoption proceedings (*see, Matter of Robert O. v Russell K.*, 80 NY2d 254, 269 [Titone, J., concurring]), a petition in an abrogation proceeding should be carefully scrutinized.

In our view the petition here is insufficient as it merely recites the factual history of this matter without any attempt to correlate the facts to Domestic Relations Law § 114 (3). The extrinsic evidence in the record does not cure the petition's deficiencies, for it reveals that petitioner's position is that Salvatore's best interest requires that the adoption be abrogated since he suffers from an attachment disorder which can only be overcome if he is returned to her. Aside from the fact that there is no medical proof substantiating petitioner's claim and as Family Court considered Salvatore's best interest in approv-

ing the adoption (*see*, Domestic Relations Law § 114 [1]), a child's best interest is not one of the statutory grounds for abrogating an adoption (*see*, Domestic Relations Law § 114 [3]).

For these reasons, we affirm.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.