■ In the Matter of MICHAEL ERO, Respondent, v GRAYSTONE MATERIALS, INC., Doing Business as PLATTSBURGH QUARRIES, Appellant. [676 NYS2d 707] —Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 11, 1998 in

Clinton County, which, *inter alia*, granted petitioner's application pursuant to CPLR 3102 for pre-action discovery from respondent.

On September 20, 1995 at approximately 11:00 A.M., petitioner, a truck driver employed by respondent, was operating a 1988 Euclid Hauler truck when, while exiting, he fell off a horizontal platform on the Hauler and hit his head on the ground sustaining serious injuries. The record indicates that there was no railing or guardrail of any type around the platform. Following an unsuccessful attempt to informally obtain certain information from respondent, petitioner moved pursuant to CPLR 3102 (c) and 3111 for an order directing respondent to appear for an examination before trial and to produce all records relating to the purchase, acquisition, repair, maintenance, modification and/or alteration of the Hauler. Respondent cross-moved for a protective order pursuant to CPLR 3103 "denying, limiting and regulating petitioner's use of discovery" pursuant to CPLR 3102 (c) and 3111. Supreme Court granted petitioner's application for an order for disclosure prior to the commencement of the action and denied respondent's cross motion for a protective order. Respondent appeals.

We affirm. Initially, we conclude that Supreme Court did not err in considering the supplemental documents filed by petitioner and his attorney. The record reveals that the petition was originally supported solely by an attorney's affidavit; respondent opposed the motion and cross-moved for the aforementioned relief. Petitioner then filed supplemental papers, including his own affidavit, accompanying exhibits, his medical records and a further affidavit from his attorney. Upon our review of the record we agree with petitioner that the supplemental submissions did not include any new facts or raise any new arguments beyond that which were in petitioner's original application. Rather, petitioner's affidavit discussing, *inter alia*, his fall on September 20, 1995 included only facts raised in the original affidavit by petitioner's attorney. Likewise, petitioner's exhibits, namely medical records, only served to substantiate the claims of injury already made. Supreme Court's determination to accept the supplemental submissions was well within its discretion and we will not disturb it (*see, Pallette Stone Corp. v Mangino*, 217 AD2d 738).

Because petitioner has demonstrated the existence of a meritorious cause of action, we next conclude that his application for preaction discovery was properly granted. CPLR 3102 (c) allows a party to obtain disclosure prior to commencing an action, but only by court order. In order to obtain such an or-

der, the applicant must show the existence of a prima facie cause of action (*see, Matter of Nicol v Town of Rotterdam,* 134 AD2d 754). "Pre-action disclosure under CPLR 3102 (c) is not available to the would-be plaintiff to determine if he [or she] has a cause of action" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, at 311; *see, Matter of Hughes v Witco Corp.—Chemprene Div.,* 175 AD2d 486, 487-488). In determining whether petitioner has demonstrated a prima facie case, the evidence presented must " 'be considered in the aspect most favorable to [petitioner] and * * * [petitioner is] entitled to the benefit of every favorable inference which can reasonably be drawn from [the evidence]' " (*McCummings v New York City Tr. Auth.,* 81 NY2d 923, 926, *cert denied* 510 US 991, quoting *Sagorsky v Malyon,* 307 NY 584, 586; *see, DiFranco v Golub Corp.,* 241 AD2d 901). Additionally, documents submitted to demonstrate the existence of a prima facie cause of action must be based on first-hand knowledge (*see, Matter of Nicol v Town of Rotterdam, supra,* at 755; *see also, Matter of Hughes v Witco Corp.—Chemprene Div., supra,* at 487). Here, the record reveals that petitioner provided evidence in the form of three affidavits, including his own which was based on his firsthand knowledge of the incident.

We reject respondent's contention that petitioner failed to address the factors involved in determining the reasonableness of the alleged design defect but rather merely presented evidence of falling and sustaining injuries (*see, Denny v Ford Motor Co.,* 87 NY2d 248, 257; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108; *Pigliavento v Tyler Equip. Corp.,* 248 AD2d 840, 842). Here, the submissions in support of petitioner's application assert that petitioner's fall from the platform would not have occurred if a guardrail had been in place, that the absence of a guardrail made the Hauler unreasonably unsafe and that the manufacturer and/or seller of the Hauler had a duty which may have been breached, causing his injury.

In our view, petitioner presented evidence from which a jury "could have found that the [platform of the Hauler] was designed in a manner which made it not reasonably safe and that this design defect was a substantial factor in causing [petitioner's] injuries" (*Voss v Black & Decker Mfg. Co., supra,* at 111).

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.