# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**949**
**CAF 12-01770**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF DAWN BENZIN, PETITIONER-APPELLANT,

V                                      MEMORANDUM AND ORDER

TIMOTHY KUTY, SR., RESPONDENT-RESPONDENT.

---

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR PETITIONER-APPELLANT.

TIMOTHY KUTY, SR., RESPONDENT-RESPONDENT PRO SE.

ANTHONY J. CERVI, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered July 31, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order dismissing her petition to modify her visitation rights as set forth in a prior order. We reject the mother's contention that Family Court erred in dismissing her petition without conducting a hearing. The record establishes that, while this proceeding was pending, an order was entered in Surrogate's Court granting a petition filed by respondent father and his wife seeking adoption of the subject child by the father's wife. As the Attorney for the Child points out in his brief, Domestic Relations Law § 117 (1) (a) provides that "[a]fter the making of an order of adoption the birth parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for *and shall have no rights over such adoptive child*" except under certain limited circumstances, none of which applies here (emphasis added). Thus, upon entry of the adoption order, the mother's "parental rights ceased, and [s]he lacked standing to prosecute a . . . visitation petition regarding the subject child" (*Matter of Kevin W. v Monique T.*, 38 AD3d 672, 673, *lv denied* 9 NY3d 803).

Although it appears from the record that the father and his wife failed to provide notice of the adoption proceeding to the mother as required by Domestic Relations Law § 111 (3) (a), we conclude that Family Court lacked authority to vacate or ignore the adoption order on that or any other ground, inasmuch as that court could "not

arrogate to [itself] powers of appellate review" with respect to the adoption order (*Dain & Dill v Betterton*, 39 AD2d 939, 939).  If the mother seeks relief from the adoption order, she must seek such relief in "[t]he court which rendered [that] . . . order" (CPLR 5015 [a]; *see generally Nina M. v Otsego County Social Servs. Dept.*, 201 AD2d 788, 790, *lv denied* 83 NY2d 755).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court