■ JOHN W. LYNN, Appellant, v STERLING NATIONAL BANK, Respondent, et al., Defendant. [54 NYS3d 864]—

Appeal from an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated October 17, 2014. The order denied the plaintiff's motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

In July 2014, the plaintiff moved by order to show cause for a preliminary injunction enjoining the defendant Janney Montgomery Scott, LLC, from releasing certain funds in a collateral account to the defendant Sterling National Bank. At the time, there was no action pending between the parties. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.

CPLR 6301 provides, in relevant part, that a plaintiff may obtain a preliminary injunction in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action (*see Straisa Realty Corp. v Woodbury Assoc.*, 185 AD2d 96, 98 [1993]). However, as the plain language of CPLR 6301 makes clear, "[t]he pendency of an action is an indispensible prerequisite to the granting of a preliminary or temporary injunction" (*Tribune Print. Co. v 263 Ninth Ave. Realty*, 88 AD2d 877, 879 [1982], *affd* 57 NY2d 1038 [1982]; *see Uniformed Firefighters Assn. of Greater N.Y. v City of New York*, 79 NY2d 236 [1992]). Here, the plaintiff moved for a preliminary injunction against the defendants when there was no judicial action pending between the parties. As a result, the Supreme Court lacked the authority to grant a preliminary injunction pursuant to CPLR 6301 (*see Uniformed Firefighters Assn. of Greater N.Y. v City of New York*, 79 NY2d at 239). Accordingly, the court properly denied the plaintiff's motion for a preliminary injunction. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.