| |
|---|
| **Matter of Gerson v Porter** |
| 2024 NY Slip Op 34260(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160788/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** 05M |
| | *Justice* | |

------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF JOSHUA GERSON, AS EXECUTOR OF THE ESTATE OF AKIKO OMI, DECEASED,

Petitioner,

- v -

WILLIAM J. PORTER, JURIST INFLUENCE GROUP, LLC, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY POLICE DEPARTMENT

Respondent.

------------------------------------------------------------------------------X

| **INDEX NO.** | 160788/2024 |
|---|---|
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 9, 11, 12, 13 were read on this motion for _____DISCOVERY - PRE-ACTION_____ .

Petitioner seeks an order pursuant to CPLR § 3102(c) compelling preservation, discovery, testing, and inspection of evidence critical to a forthcoming action. Specifically, petitioner requests access to a motor vehicle allegedly involved in a fatal pedestrian accident, preservation of associated data (e.g., Event Data Recorder information), and disclosure of records maintained by municipal entities and the vehicle's owner/operator.

## BACKGROUND AND PROCEDURAL HISTORY

On October 21, 2024, a vehicle owned by respondent Jurist Influence Group, LLC, and operated by its employee, William J. Porter, allegedly struck and killed petitioner's decedent, Akiko Omi, at the intersection of 59th Street and 2nd Avenue in New York County. According to petitioner, the vehicle fled the scene, and decedent's estate intends to commence a wrongful death action.

**160788/2024   IN THE MATTER OF THE APPLICATION OF JOSHUA GERSON, AS EXECUTOR OF THE ESTATE OF AKIKO OMI, DECEASED vs. PORTER, WILLIAM J. ET AL Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

Petitioner filed this application under CPLR § 3102(c) to secure and preserve evidence, including inspection of the vehicle, data retrieval from its Event Data Recorder (EDR), and records from municipal respondents. Respondents oppose the motion, contending that some requests are moot or unduly burdensome.

## ARGUMENTS

Petitioner asserts that immediate access to and preservation of evidence is essential for the forthcoming litigation. Citing case law, including *Spriggins v. Current Cab Corp.*, 127 Misc. 2d 774 (Sup. Ct. N.Y. Cnty. 1985), and *Christiano v. Port Auth. of N.Y. & N.J.*, 1 A.D.3d 289 (1st Dept. 2003), petitioner argues that such orders are appropriate to prevent spoliation of critical evidence. Petitioner emphasizes that the requested items, such as the EDR data and roadway maintenance records, are vital for establishing liability.

Respondents William J. Porter and Jurist Influence Group, LLC, argue that they have already offered access to the vehicle for inspection and data download, and any delay rests solely with petitioner. They contend that once the inspection is completed, they should be permitted to return the vehicle to service or dispose of it. They also argue that requests for municipal records are irrelevant to their interests and that claims related to nonexistent dash cam footage are moot.

The municipal respondents did not submit opposing papers.

## DISCUSSION

Under CPLR § 3102(c), pre-action discovery is permissible where a petitioner demonstrates a necessity to preserve evidence that may otherwise be lost or compromised. Courts have consistently recognized that preservation orders serve the dual purposes of ensuring access

**160788/2024   IN THE MATTER OF THE APPLICATION OF JOSHUA GERSON, AS EXECUTOR OF**     **Page 2 of 4**
**THE ESTATE OF AKIKO OMI, DECEASED vs. PORTER, WILLIAM J. ET AL**
**Motion No.  001**

to justice and preventing the destruction or alteration of key evidence (*Stewart v. NYC Transit Auth.*, 112 AD2d 939 [2d Dept. 1985]).

Here, petitioner has established that the vehicle and its EDR data constitute critical evidence. Respondents' willingness to allow access does not obviate the need for a formal preservation order, particularly in light of the potential for inadvertent spoliation once the vehicle is returned to service. The court finds persuasive petitioner's reliance on *Spriggins*, where similar circumstances warranted preservation of a vehicle.

Petitioner's requests for roadway maintenance records, progress photos, and 911 recordings are reasonable given their potential relevance to establishing contributory negligence or hazardous conditions. Courts have permitted such discovery where the information is specific and not overly broad (*Green v. Green's Auto Gear & Parts Co.*, 35 AD2d 924 [1st Dept. 1970]).

That said, the court agrees with respondents that requests for dash cam footage and internal cameras are moot as no such devices were present. However, these moot claims do not undermine the necessity of granting the other relief sought.

Given the importance of timely evidence preservation and to balance respondents' business interests, the court grants petitioner's requests for preservation of records and timely inspection.

For the foregoing reasons, it is hereby

**ORDERED and ADJUDGED** that respondents Jurist Influence Group, LLC, and William J. Porter shall provide access to the vehicle and its EDR data for inspection and download within 30 days of this decision;[1] and it is further

---

[1] By representation from counsel, the inspection has been scheduled for December 4, 2024. After the completion of the inspection, the subject vehicle can return to service, usage, and circulation.

**160788/2024   IN THE MATTER OF THE APPLICATION OF JOSHUA GERSON, AS EXECUTOR OF THE ESTATE OF AKIKO OMI, DECEASED vs. PORTER, WILLIAM J. ET AL Motion No. 001**          **Page 3 of 4**

**ORDERED and ADJUDGED** that once respondents Jurist Influence Group, LLC, and William J. Porter provide access to the vehicle and its EDR data for inspection and download, the vehicle can return to service, usage, and circulation; and it is further

**ORDERED and ADJUDGED** that respondents are directed to preserve and shall not transfer, erase, delete, allow to be automatically erased, transferred or deleted, tamper or otherwise alter or interfere with any information or data, electronically stored or otherwise, concerning the items of evidence listed in petitioner's Order to Show Cause; and it is further

**ORDERED and ADJUDGED** that the municipal respondents shall preserve and shall not transfer, erase, delete, allow to be automatically erased, transferred or deleted, tamper or otherwise alter or interfere with any requested roadway and incident records, including unredacted 911 recordings; and it is further

**ORDERED and ADJUDGED** that failure to comply with this order may result in sanctions.

This constitutes the decision, order, and judgment of the court.

_____
**12/3/2024**
**DATE**

20241203139161JK1NG0F456X218B4D446C895CD4B55154286A

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160788/2024   IN THE MATTER OF THE APPLICATION OF JOSHUA GERSON, AS EXECUTOR OF**          **Page 4 of 4**
**THE ESTATE OF AKIKO OMI, DECEASED vs. PORTER, WILLIAM J. ET AL**
**Motion No.  001**

4 of 4

[* 4]