Matter of Holland v 640 Columbia Owner LLC (2025 NY Slip Op 51706(U))

[*1]

Matter of Holland v 640 Columbia Owner LLC

2025 NY Slip Op 51706(U)

Decided on October 26, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2025
Supreme Court, Kings County

In the Matter of the Application of Keith Holland, Petitioner, 
 For an Order to Preserve Evidence and for Pre-Action Disclosure to Aid in Bringing an Action Pursuant to CPLR § 3102(c), and for a Temporary Restraining Order 
 Pursuant to CPLR § 6313(a) To Preserve Evidence.

against
640 Columbia Owner LLC and AMAZON.COM, INC., Respondents.

Index No. 525205/2025

Liakas Law, P.C., New York City (Gianni Tribuzio of counsel), for petitioner.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York City (Miles A, Linefsky of counsel), for respondent 640 Columbia Owner LLC.

Aaron D. Maslow, J.

The following numbered papers were used in this special proceeding: NYSCEF Document Numbers 1-13.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within special proceeding is determined as follows.
Background
The petition in this special proceeding, brought on by order to show cause, alleges that petitioner Keith Holland was injured in an accident on June 22, 2025, whereby "the gate or door to the [freight] elevator fell on" him at 640 Columbia Street, in Brooklyn (NY St Cts Elec Filing [NYSCEF] Doc No. 1 ¶ 4). The petition was verified by the petitioner's counsel. No further description of the accident was provided nor did petitioner himself provide an affidavit or affirmation.
Sought by the petitioner is the following relief:
(1) "[P]ursuant to C.P.L.R. §§ 3102(c) and 6313(a) temporarily restraining and preliminarily enjoining Respondents from removing and/or destroying any evidence until such time as it is made available to Petitioner for internal testing, including but not limited to the freight elevator, which operates on the first and second floor levels, at an area where the elevators in that building are numbered one (1) and two (2), and at the left most elevator when facing such machines at a frontal view (hereinafter 'elevator'), located at 640 Columbia Street, Brooklyn, New York 11231";
(2) "Pursuant to C.P.L.R. § 3102(c) and CPLR § 6313(a) allowing Petitioner to conduct non-destructive internal testing of the elevator located at 640 Columbia Street, Brooklyn, New York, by an expert of Petitioner's choosing, including the removal of paneling and the examination and testing of internal wiring, circuits, and sensors, if necessary, at a date amenable to the parties, and that Respondents are restrained from modifying, altering, repairing, destroying, or making any changes to the elevator until said inspection";
(3) "Pursuant to C.P.L.R. § 3102(c) compelling respondents to preserve and provide petitioners any records of maintenance and repair of the subject elevator from one year prior to the subject accident to the present";
(4) "Pursuant to C.P.L.R. § 3102(c) and CPLR § 6313(a) compelling respondents to preserve any pieces or the elevator, whether structural, automated, mechanical, electrical, or computerized, that have been removed from the elevator since June 22, 2025; and

 (5) "for such other further and different relief as this Court may deem just and proper" (NYSCEF Doc No. 1 ¶ 2).
 
 Discussion

CPLR 3102 (c) provides: "Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order."
The multivariate usage of this CPLR provision was commented upon as follows:
The statute permits a prospective plaintiff to seek, by court order, disclosure that will aid in bringing the action (see CPLR 3102 [c]). It has been recommended that a request for pre-action disclosure be sought by means of a special proceeding pursuant to CPLR article 4 (see Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:6, citing Robinson v Government of Malaysia, 174 Misc 2d 560 [1997]). While pre-action disclosure is often thought of as a device to enable the plaintiff to frame a complaint (see generally Matter of Wien & Malkin v Wichman, 255 AD2d 244 [1998]; Matter of Perez v New York City Health & Hosps. Corp., 84 AD2d 789 [1981]; Matter of Rosenberg v Brooklyn Union Gas Co., 80 AD2d 834 [1981]; Matter of Urban v Hooker Chems. & Plastics Corp., 75 AD2d 720 [1980]; Matter of Roland [Deak], 10 AD2d 263, 265 [1960]) or to preserve evidence for a forthcoming lawsuit (see generally Matter of Thomas v New York City Tr. Police Dept., 91 AD2d 898 [1983]; Gearing v Kelly, 15 AD2d 477 [1961]; Matter of O'Grady v City of New York, 164 Misc 2d 171, 173 [1995]; Matter of Spraggins v Current Cab Corp., 127 Misc 2d 774, 775 [1985]), it has also been recognized as an appropriate device for ascertaining the identities of prospective defendants (see Matter of Alexander v Spanierman Gallery, LLC, 33 AD3d 411 [2006]; [*2]Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592 [2002]; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940 [1985]; Matter of Perez v New York City Health & Hosps. Corp., 84 AD2d at 789; Matter of Bergan v Sullivan Bros. Wood Prods. of Keeseville, 77 AD2d 723 [1980]; Matter of Roland [Deak], 10 AD2d at 265). (Bumpus v New York City Tr. Auth., 66 AD3d 26, 33 [2d Dept 2009].)
In an oft-cited Appellate Division, Second Department case on the issue of pre-action discovery, it was stated:
It is well established that disclosure "to aid in bringing an action" (CPLR 3102 [c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the prospective defendants (Matter of Weaver v. Waterville Knitting Mills, 78 AD2d 574; Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.], 58 AD2d 629). Of particular importance, however, is the caveat that "[p]re-action disclosure under CPLR 3102 (c) is not available to the would-be plaintiff to determine if he has a cause of action" (Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, p 263). This limitation is "designed to prevent the initiation of troublesome and expensive procedures, based upon a mere suspicion, which may annoy and intrude upon an innocent party. Where, however, the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate" (Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.], supra., at p 630).
In the instant case, Special Term properly concluded that petitioner had alleged sufficient facts to establish a prima facie case against the appellants. Thus, the threshold requirement of CPLR 3102 (c) has been met. Moreover, to the extent indicated, we agree with Special Term's determination that the requested information was necessary to identify prospective defendants, as well as to determine the form or forms which the action should take. Accordingly, Special Term's order, to the extent indicated, was appropriate and did not constitute an abuse of discretion (Matter of Urban v. Hooker Chems. & Plastics Corp., 75 AD2d 720). (Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940 [2d Dept 1985].)
Discovery to aid in bringing an action allows a plaintiff to frame a complaint and to obtain the identities of prospective defendants (see Westbrook v Metropolitan Transp. Auth., 226 AD3d 692, 693 [2d Dept 2024]; Matter of Diaz v Metropolitan Tr. Auth., 190 AD3d 734 [2d Dept 2021]). Where the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate (see Westbrook, 226 AD3d at 693, citing Matter of Houlihan-Parnes, Realtors v Cantor, Fitzgerald & Co., 58 AD2d 629, 630 [2d Dept. 1977]).
Although a cause of action need not be named correctly or stated with technical precision, the failure to describe it will result in denial of an application to conduct pre-action discovery (see Matter of Scattoreggio v Cablevision Sys. Corp., 203 AD2d 468 [2d Dept 1994]).
A court order mandating pre-action disclosure must also take care to compel narrowly tailored, not expansive, disclosure (see Geffner v Mercy Med. Ctr., 83 AD3d 998 [2d Dept 2011] [*3][affirming a trial court's denial of plaintiff's motion for overly broad disclosure compliance order]).
The trial court is afforded sound discretion in determining whether to grant or deny a disclosure request (see CPLR 3101 [a]; Mattocks v White Motor Corp., 258 AD2d 628 [2d Dept 1999]). In fact, CPLR 3101 (a) speaks to the importance of ample disclosure, stating, "There should be full disclosure of all matter material and necessary in the prosecution or defense of an action. . . ." 
A pre-action application for discovery must include an affidavit by someone with firsthand knowledge of the facts establishing the petitioner's cause of action. In Matter of Nicol v Town of Rotterdam (134 AD2d 754 [3d Dept 1987]), the petitioners' attorney's affidavit claimed that the petitioners sustained injuries as a result of a one-car accident when police officers chased them. Believing that improper police procedures caused the accident, they moved for pre-action disclosure of information necessary to frame a complaint and to identify prospective defendants pursuant to CPLR 3102 (c). The Third Department reversed Supreme Court, which had granted the pre-action discovery. "Petitioners' attorney's affidavit, which contains factual averments relative to the negligence claim, was insufficient for this purpose as the attorney did not have firsthand knowledge of the underlying facts (see, Cotler v. Retail Credit Co., 18 AD2d 898; see also, Stewart v. Socony Vacuum Oil Co., 3 AD2d 582, 583)" (Matter of Nicol v Town of Rotterdam, 134 AD2d at 755; see also Matter of Henry [CSX Transp., Inc.], 43 AD3d 1445 [4th Dept 2007]).
Here, the Court is presented with a barebones statement by the petitioner's attorney that "the gate or door to the [freight] elevator fell on" the petitioner at 640 Columbia Street, in Brooklyn (NYSCEF Doc No. 1 ¶ 4). There are no further details — neither from the attorney nor from the petitioner himself. The Court is left wondering what exactly transpired, as various questions come to mind. First, was it a gate or a door that fell? If a gate fell on the petitioner, did it fall sideways or downwards? In other words was there a horizontal gate or a vertical one? If a door fell, was it linked to the elevator car so that its positioning was dependent on where the elevator car was located? Was the door an automatic one or one which needed manual activity by a passenger? If the accident-producing apparatus was a gate, could it be manually operated or was its movement tied in electronically to the elevator car? Was the petitioner inside the elevator car or outside? What was the purpose for the petitioner's being on the premises? The need for this information is especially called for due to the intrusive nature of the request for testing of the respondent's elevator.
Without this information from the petitioner himself, the Court cannot determine that he has a cause of action, such that discovery is warranted prior to the filing of a complaint (see Matter of Rann v Metropolitan Transp. Auth., 22 AD3d 586 [2d Dept 2005]; Matter of Nicol v Town of Rotterdam, 134 AD2d 754; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939; Matter of Corigliano, 76 AD2d 886 [2d Dept 1980] ["sufficient information to enable him to draw a complaint without the examination which he requests"]). Additionally, the paucity of information provided here leads the Court to decline to exercise its discretion to ignore the lack of an affidavit or affirmation from the petitioner himself (see Matter of Rann v Metropolitan Transp. Auth., 22 AD3d 586).
Moreover, to the extent that the petitioner seeks a pre-action preliminary injunction, it too is not warranted for substantially the same reasons, especially the lack of an affidavit or affirmation from the petitioner detailing a cause of action. Without it, the petitioner has failed to [*4]demonstrate a likelihood of success on the merits (see Afflick v Turner Construction Co., 2011 WL 3290543 [Sup Ct, NY County 2011]; Wah Chiu Cheng v Omei Group [USA], Inc., 2009 WL 10727592 [Sup Ct, NY County 2009]).
More importantly, however, a preliminary injunction may not be granted in the absence of a pending action (see Tribune Printing Co., Inc. v 263 Ninth Ave. Realty, Inc., 88 AD2d 877, 879 [1st Dept], affd 57 NY2d 1038 [1982]). "Here, the plaintiff moved for a preliminary injunction against the defendants when there was no judicial action pending between the parties. As a result, the Supreme Court lacked the authority to grant a preliminary injunction pursuant to CPLR 6301 (see Uniformed Firefighters Assn. of Greater NY v City of New York, 79 NY2d at 239). Accordingly, the court properly denied the plaintiff's motion for a preliminary injunction." (Lynn v Sterling Natl. Bank, 151 AD3d 1049, 1049 [2d Dept 2017]; see also Brown v The New York City Hous. Auth., 2021 WL 4260552 [Sup Ct, NY County 2021] [absent action, application for preliminary injunction may not be sought in special proceeding]).

 Conclusion
Accordingly, it is hereby ORDERED AND ADJUDGED that the within petition of Keith Holland is denied, and the instant special proceeding is dismissed.