◼ In the Matter of HOULIHAN-PARNES, REALTORS, Respondent. CANTOR, FITZGERALD & Co., INC., Appellant.—Appeal by Cantor, Fitzgerald & Co. from an order of the Supreme Court, Westchester County, dated April 19, 1977, which, *inter alia,* granted petitioner's application to compel it to appear for an oral deposition to aid in bringing an action. Order affirmed, with $50 costs and disbursements. The examination shall proceed at the place designated in the order under review, at a time to be fixed by petitioner in a written notice of not less then 10 days, or at such other time and place as the parties may agree. The facts stated in support of petitioner-respondent's application indicate that petitioner was instrumental in arranging a real estate transaction in which Mr. Leonard Noel, vice-president

of appellant, was involved. Subsequent to arranging the transaction, and after having been assured that it would receive a commission, the deal was closed and petitioner was excluded. Petitioner's application was granted to aid it in framing a complaint by enabling it to determine the identities of the parties to the transaction and if, in addition to an action for the reasonable value of its services, it has a cause of action for fraud and deceit and for intentional interference with its contractual rights. In an affidavit in opposition to petitioner's application, appellant indicated that three limited partnerships were involved in the transaction, but failed to provide petitioner with the identities of the limited and general partners and the role, if any, such individuals played in closing the transaction. A pre-action examination may not be had to ascertain whether facts exist to support a cause of action since, under such circumstances, the examination would constitute a "judicial franchise to penetrate into another party's affairs" (*Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582, 583; *Zakarias v Radio Patents Corp.,* 20 AD2d 795). This rule is designed to prevent the initiation of troublesome and expensive procedures, based upon a mere suspicion, which may annoy and intrude upon an innocent party. Where, however, the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate (*Stewart v Socony Vacuum Oil Co., supra; Matter of Pelley,* 43 Misc 2d 1082). Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.