■ In the Matter of MILLARD F. STEWART, as Administrator of the Estate of MICHAEL J. STEWART, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Respondents.—In a proceeding pursuant to CPLR 3102 (c) for discovery to aid in bringing an action, the appeal is from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated October 15, 1984, as granted the application.

Order modified, as a matter of discretion, by deleting therefrom items Nos. 1 and 3, and so much of item No. 2 as

requested the addresses of the individuals described therein. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

It is well established that disclosure "to aid in bringing an action" (CPLR 3102 [c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the prospective defendants (*Matter of Weaver v Waterville Knitting Mills,* 78 AD2d 574; *Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.]*, 58 AD2d 629). Of particular importance, however, is the caveat that "[p]re-action disclosure under CPLR 3102 (c) is not available to the would-be plaintiff to determine *if* he has a cause of action" (Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:4, p 263). This limitation is "designed to prevent the initiation of troublesome and expensive procedures, based upon a mere suspicion, which may annoy and intrude upon an innocent party. Where, however, the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate" (*Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.]*, *supra,* at p 630).

In the instant case, Special Term properly concluded that petitioner had alleged sufficient facts to establish a prima facie case against the appellants. Thus, the threshold requirement of CPLR 3102 (c) has been met. Moreover, to the extent indicated, we agree with Special Term's determination that the requested information was necessary to identify prospective defendants, as well as to determine the form or forms which the action should take. Accordingly, Special Term's order, to the extent indicated, was appropriate and did not constitute an abuse of discretion (*Matter of Urban v Hooker Chems. & Plastics Corp.,* 75 AD2d 720). Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.