■ In the Matter of KEVIN TOAL et al., Appellants, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. [752 NYS2d 372] —In a proceeding pursuant to CPLR 3102 (c) to obtain disclosure to aid in bringing an action, the petitioners appeal from an order of the Supreme Court, Richmond County (Ponterio, J.), dated August 20, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

In this case, the facts alleged by the petitioners state a cause of action and the discovery which they seek is limited to obtaining the identity of prospective defendants (*see Matter of Stewart v New York City Tr. Auth.,* 112 AD2d 939). Accordingly, the Supreme Court should have granted the petition. Altman, J.P., S. Miller, Schmidt and Rivera, JJ., concur.

McGinity, J., dissents and votes to affirm the order, with the following memorandum.

The facts involved in this proceeding are not in dispute. The infant petitioner Kevin Toal was born on May 17, 1995, at Staten Island University Hospital (hereinafter the hospital). Six hours after his birth, he began to experience seizures and was ultimately rendered a quadriplegic.

The petitioners have not as yet commenced an action against the hospital and, although Kevin, by reason of his disability and infancy, has until May 2005 to commence an action, any prospective action by his parents would be precluded by the applicable statute of limitations. In 1997, the parents apparently consulted the law firm of Kramer, Dilloff, Tessel, Duffy & Moore with regard to obtaining the infant petitioner's hospital records regarding his birth and treatment. The records were ultimately produced by the hospital's attorneys. No further action, however, was taken until the infant's present attorneys made the instant application pursuant to CPLR 3102 (c) to conduct disclosure prior to commencement of an action. Present counsel for the respondents affirms that he has consulted with a physician's expert who has indicated that the petitioners have a meritorious cause of action. Counsel also states that the caregivers at the hospital failed to timely diagnose and treat an intracranial hemorrhage and resulting seizures and other sequelae. No affirmation or affidavit, however, from any medical expert was provided establishing a prima facie case of malpractice in support of the application to the trial court. In my view, under the circumstances, the Supreme Court providently exercised its discretion in denying the petitioners' application to obtain disclosure.

CPLR 3102 (c) allows a party to obtain disclosure prior to commencing an action, but only by court order. To obtain such an order, the applicant must show the existence of a prima facie cause of action (*see Ero v Graystone Materials,* 252 AD2d 812; *Matter of Hughes v Witco Corp.-Chemprene Div.,* 175 AD2d 486; *Liberty Imports v Bourguet,* 146 AD2d 535; Siegel, Practice Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR C3102.4, at 311). In determining whether the petitioner has demonstrated a prima facie case, the evidence presented must be considered in a light most favorable to the petitioner (*cf. McCummings v New York City Tr. Auth.,* 81 NY2d 923, 926, *cert denied* 510 US 991). The petitioners' attorney's affirmation, which contains conclusory assertions as to malpractice, is patently insufficient for this purpose. In a medical malpractice action, expert medical opinion evidence is required to demonstrate merit (*cf. Fiore v Galang,* 64 NY2d 999, 1001; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389). In the absence of an affirmation or affidavit by someone with medical expertise demonstrating the petitioners' malpractice claim, the Supreme Court providently exercised its discretion in denying the application for preaction discovery (*cf. Matter of Allstate Ins. Co. v Baez,* 269 AD2d 392). Accordingly, the order appealed from should be affirmed.