*829 OPINION OF THE COURT
Edward H. Lehner, J.
In this special proceeding petitioners seek an order, pursuant to CPLR 3102 (c), directing the pre-arbitration issuance of judicial subpoenas to respondents in order to ascertain the identity of other potential parties to the contemplated arbitration proceeding. Petitioners state that they will be seeking recovery of over $3.8 million for the allegedly improper trading of shares of InterOil Corp. (IOC). They claim that on June 19, 2008, 422,600 shares of IOC stock were wrongfully sold at a 30% premium above the then market price and they intend to commence an arbitration in accordance with the procedures of the Financial Industry Regulatory Authority (FINRA). Petitioners do not dispute that FINRA’s Code of Arbitration Procedure for Industry Disputes (Industry Code) provides a mechanism for obtaining discovery during an arbitration, but note that there is no provision therein for discovery in aid of contemplated arbitration. However, they argue that they are entitled to prearbitration discovery.
Respondent NYSE Euronext stated in an e-mail dated March 12, 2009 that it “does not intend to appear and/or file any submission in response to the order . . . [and that] [i]f the Court determines that discovery ... is appropriate at this stage of your dispute, and then issues a subpoena to NYSE . . . , NYSE will respond to such subpoena thereafter.”
Respondents Kellogg Capital Group, LLC and Joseph Azuedo Pires object to the subpoenas arguing that: (1) any discovery should be pursuant to the Industry Code, and (2) this court cannot issue the subpoenas because the dispute is governed by the Federal Arbitration Act (FAA).
The underlying dispute between various broker-dealer organizations concerns the alleged manipulation of certain securities traded on national securities and exchange markets. As such, the dispute is to be resolved within the context of arbitration. Specifically, the dispute is to be submitted to the FINRA under the Industry Code, which contains, inter alia, a comprehensive system of rules and procedures regarding discovery in arbitration.
In pertinent part, Industry Code § 13512 states:
“(a) To the fullest extent possible, parties should produce documents and make witnesses available to each other without the use of subpoenas. Arbitrators shall have the authority to issue subpoenas for *830 the production of documents or the appearance of witnesses.
“(b) A party may make a written motion requesting that an arbitrator issue a subpoena to a party or non-party.” (Emphasis added.)
Section 13505 of the Industry Code further provides that “[t]he parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration.” Industry Code § 13506 prescribes an orderly procedure and timetable within which to request and exchange documents or information.
The petitioners in seeking judicially approved pre-arbitration discovery do not seek to circumvent the jurisdiction of FINRA by commencing a proceeding in this court. Nor are the petitioners relying upon the arbitration provisions of the CPLR in derogation of the FAA. Rather, the issue at hand is one of timing.
While the Industry Code appears quite comprehensive and unambiguous as to discovery within the context of the actual arbitration, it is silent as to pre-arbitration discovery. The FINRA procedures for obtaining discovery become effective after arbitration has commenced, an arbitration panel has been selected, and a discovery application has been made to the panel. Hence, the applicability and, in this instance, the demonstrated need for pre-arbitration discovery has been sufficiently established so as to seek and obtain judicial, rather than arbitral, redress.
In pertinent part CPLR 3102 (c) provides: “Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order.” (Emphasis added.)
However, pre-action disclosure in connection with an out-of-court arbitration is frowned upon by the courts. The judicial attitude is that since the parties have chosen an arbitral, rather than judicial, tribunal for their dispute, they should ordinarily seek their disclosure before the arbitrators (see De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974]). Nonetheless, there are times when the court can be prevailed upon to act when disclosure is needed to present a “proper case” to the arbitrator (see Hendler & Murray v Lambert, 127 AD2d 820 [2d Dept 1987]). One such instance is where, as here, the application under CPLR 3102 (c) is to obtain limited information as to the identity of potential defendants/respondents against whom an action/arbitration may exist (see Matter of Alexander v Spanier *831 man Gallery, LLC, 33 AD3d 411 [1st Dept 2006]; Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592 [2d Dept 2002]; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939 [2d Dept 1985]). Failure to learn the identity of the potential additional parties to the underlying complained of trading activity before the arbitration commences would likely cause prejudice and unnecessary delay.
Accordingly, the motion of petitioners is granted solely to the extent of permitting the issuance of subpoenas to enable them to learn the names of the parties against whom they may have a claim in the contemplated arbitration, and is otherwise denied.