In a proceeding pursuant to CPLR 3102 (c) to obtain preaction disclosure, Watch Croton appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated May 24, 2012, as granted that branch of the petition which was to compel it to disclose information concerning the identity of its administrator and an anonymous blogger referred to as “Q-Tip.”
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to compel Watch Croton to disclose information concerning the identity of its administrator and an anonymous blogger referred to as “Q-Tip” is denied.
In April 2012, the petitioners commenced this proceeding pursuant to CPLR 3102 (c) to obtain pre-action disclosure. The petitioners alleged, inter alia, that defamatory statements were published about them by anonymous bloggers on a website called “Watch Croton,” and sought disclosure of the identity of the bloggers and the administrator of Watch Croton for the purpose of commencing a defamation action. In support of the petition, the petitioner Susan Konig, who was a candidate in a general election for the public office of Member of the Westchester County Board of Legislators at the time the allegedly defamatory statements were posted, attested that Watch Croton was “a local blog” on which various anonymous bloggers, including an individual referred to as “Q-Tip,” posted specified defamatory statements which damaged her campaign and reputation. In opposition to the petition, Watch Croton asserted, inter alia, that Q-Tip’s posts were not defamatory.
*935 In an order dated May 24, 2012, the Supreme Court, inter alia, granted that branch of the petition which was to compel Watch Croton to disclose information concerning the identity of its administrator and Q-Tip. Watch Croton appeals from that portion of the order.
Before an action is commenced, “disclosure to aid in bringing an action” may be obtained by court order (CPLR 3102 [c]), including “discovery in order to obtain information relevant to determining who should be named as a defendant” (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 129 [2009], affd 16 NY3d 775 [2011]). A petition for pre-action discovery limited to obtaining the identity of prospective defendants should be granted where the petitioner has alleged facts fairly indicating that he or she has some cause of action (see Matter of Toal v Staten Is. Univ. Hosp. 300 AD2d 592 [2002]; Matter of Scattoreggio v Cablevision Sys. Corp., 203 AD2d 468 [1994]; Matter of Houlihan-Parnes, Realtors [Cantor.; Fitzgerald & Co.], 58 AD2d 629, 630 [1977]).
Contrary to the Supreme Court’s determination, the petitioners failed to allege facts fairly indicating that they have a cause of action to recover damages for defamation based on the two posts at issue by the blogger Q-Tip. “The elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se” (Geraci v Probst, 61 AD3d 717, 718 [2009] [internal quotation marks omitted]). “In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff’ (Goldberg v Levine, 97 AD3d 725, 725 [2012]). Further, “[a] false statement constitutes defamation per se when it charges another with a serious crime or tends to injure another in his or her trade, business, or profession” (Geraci v Probst, 61 AD3d at 718).
Here, given the context in which the challenged statements were made, on an Internet blog during a sharply contested election, a reasonable reader would have believed that the generalized reference to “downright criminal actions”°in a post entitled “Would You Buy A Used Car From These Men?” was merely conveying opinion, and was not a factual accusation of criminal conduct (see Melius v Glacken, 94 AD3d 959 [2012]; Galasso v Saltzman, 42 AD3d 310 [2007]; Versaci v Richie, 30 AD3d 648 [2006]). Further, the petitioners failed to demonstrate that the *936 remaining portions of the challenged statements by Q-Tip constituted defamation per se (see Rufeh v Schwartz, 50 AD3d 1002 [2008]; Sharratt v Hickey, 20 AD3d 734 [2005]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court erred in granting that branch of the petition which was to compel Watch Croton to disclose information concerning the identity of its administrator and Q-Tip. Skelos, J.E, Balkin, Lott and Hinds-Radix, JJ., concur.