Weston, J.
(dissenting and voting to affirm the judgment in the following memorandum). Although plaintiff made no such *63 argument on appeal, the majority concludes that the trial court’s dismissal was premature pursuant to CPLR 4401. In the absence of any reference to CPLR 4401 in plaintiff’s submissions—either in the Civil Court or on appeal—I would decline to consider its applicability to this case. Nevertheless, by acknowledging that she did not have a dental expert, plaintiff conceded that she could not establish a prima facie case of dental malpractice. Such a concession, in my opinion, is an adverse admission upon which a court may grant a motion for judgment as a matter of law at any time {see CPLR 4401). Accordingly, I vote to affirm the judgment.
While CPLR 4401 disfavors dismissal of a complaint prior to the close of a plaintiff’s case, dismissal may be warranted where, as here, “it becomes obvious that the suit cannot be maintained because it lacks a legal basis or, when taken in its strongest light, cannot succeed” (De Vito v Katsch, 157 AD2d 413, 418 [1990]; see Okunubi v City of New York, 109 AD3d 888, 889 [2013]). In dental malpractice actions, where the standard of care is not within the ken of a layperson, expert dental opinion evidence is required to establish a prima facie case (see Blum v Yuabov, 12 Misc 3d 139[A], 2006 NY Slip Op 51333 [U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also Byers v Winthrop Univ. Hosp., 100 AD3d 817 [2012]; Gilmore v Garvey, 31 AD3d 381 [2006]; Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592 [2002]).
Here, plaintiff’s unequivocal admission that she would offer no expert dental opinion evidence was sufficient to justify the dismissal of the complaint prior to the close of plaintiff’s case. The injuries which plaintiff describes on appeal concern matters which are “beyond the ordinary experience and knowledge of lay persons,” and, thus, will require an expert’s opinion to establish the requisite elements of proof (Pierre v Ayoubi, 37 Misc 3d 128[A], 2012 NY Slip Op 51914[U], *1 [App Term, 1st Dept 2012]). To reverse the trial court’s dismissal, despite the conceded absence of such proof, does nothing more than delay the inevitable dismissal of plaintiff’s case.
Moreover, a reversal in this case is an affront to the Civil Court, which calmly and painstakingly explained plaintiff’s burden to her and made every effort to accommodate her. Nevertheless, plaintiff, both in the Civil Court and on appeal, offers no explanation for why she has been unable to come forward with any expert dental opinion evidence. Instead, her argument on appeal is largely limited to alleging discovery *64 violations, none of which are preserved. The majority, however, inexplicably reverses the dismissal as premature—a claim that was never raised either in the Civil Court or on appeal. For this court to decide this appeal based on an argument of its own creation “pose[s] an obvious problem of fair play” (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Appellate courts “are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made” (id.). Thus, unlike the majority, I would limit my consideration of the issues to what was raised on appeal and nothing more.
Accordingly, I vote to affirm the judgment.
Pesce, P.J., and Solomon, J., concur; Weston, J., dissents in a separate memorandum.