■ In the Matter of MARK LEFF, as Parent and Natural Guardian of "E.L.," a Minor, et al., Respondents, v OUR LADY OF MERCY ACADEMY, Appellant. [55 NYS3d 392]—

In a proceeding pursuant to CPLR 3102 (c) to obtain pre-action disclosure, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated January 26, 2016, as granted the petition to the extent of directing the appellant to disclose the names of the individuals who provided it with a certain photograph and who identified the infant E.L. as the subject of the photograph.

Ordered that the order is affirmed insofar as appealed from, with costs.

This proceeding for pre-action disclosure pursuant to CPLR 3102 (c) was brought on behalf of a minor identified as "E.L." E.L. was a high school student at the appellant's school (hereinafter the school).

The petition included the following allegations: an unidentified individual at the school widely disseminated an intimate photograph depicting an unclothed portion of E.L.'s body to

students and faculty at the school, and identified E.L. as the subject of the photograph. The unidentified individual had no justification or legitimate purpose for identifying E.L. in the photograph or for disseminating it throughout the school. The unidentified individual committed these acts for the purpose of inflicting severe emotional distress on E.L. and inciting the school to discipline her. E.L. did, in fact, suffer severe emotional distress as a result of the dissemination, and the school did, in fact, threaten E.L. with expulsion after it was provided with the photograph and identifying information. E.L. was forced to withdraw from the school in order to avoid expulsion. This dissemination occurred not only at the school, but at the two high schools that E.L. attended since withdrawing from the school, and the photograph and identifying information had been widely disseminated throughout the community.

The petitioners sought, inter alia, pre-action disclosure limited to the names of any individual who provided the school with the photograph and who identified E.L. as the subject of the photograph. The school opposed the petition, arguing, among other things, that the petition failed to allege facts that would constitute a cognizable cause of action against the unidentified individual. In the order appealed from, the Supreme Court granted the petition to the extent of directing the school to disclose the names of the individuals who provided it with the photograph and who identified E.L. as the subject of the photograph. We affirm the order insofar as appealed from.

"Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order" (CPLR 3102 [c]; see Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935 [2013]). "[D]isclosure 'to aid in bringing an action' (CPLR 3102 [c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the prospective defendants" (Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940 [1985]; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 129 [2009], affd 16 NY3d 775 [2011]). However, pre-action disclosure "may not be used to determine whether the plaintiff has a cause of action" (Siegel, NY Prac § 352 at 591-592 [5th ed]; see Matter of Stewart v New York City Tr. Auth., 112 AD2d at 940). This limitation is "designed to prevent the initiation of troublesome and expensive procedures, based upon a mere suspicion, which may annoy and intrude upon an innocent party" (Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.], 58 AD2d 629, 630 [1977]; see Matter of Stewart v New York City Tr. Auth., 112 AD2d at 940). "Where,

however, the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate" (*Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.]*, 58 AD2d at 630; *see Matter of Stewart v New York City Tr. Auth.*, 112 AD2d at 940; *see also* Siegel, NY Prac § 352 at 591-592 [5th ed]). Accordingly, "[a] petition for pre-action discovery limited to obtaining the identity of prospective defendants should be granted where the petitioner has alleged facts fairly indicating that he or she has some cause of action" (*Matter of Konig v WordPress.com*, 112 AD3d 936, 936 [2013]; *see Matter of Konig v CSC Holdings, LLC*, 112 AD3d at 935; *Matter of Toal v Staten Is. Univ. Hosp.*, 300 AD2d 592, 592 [2002]).

Here, the disclosure sought in the petition was limited to obtaining the identity of the prospective defendants in the contemplated action. Contrary to the school's arguments, there was no request by the petitioners for any other information relating to the school's internal investigation of E.L.'s alleged violation of the school's code of conduct. Furthermore, the petition set forth a proposed cause of action for which disclosure was needed. In this regard, the petition alleged that an action could be maintained on behalf of E.L. against the unknown individual to recover damages for, among other things, intentional infliction of emotional distress.

Under New York law, a cause of action alleging intentional infliction of emotional distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *see Taggart v Costabile*, 131 AD3d 243, 249 [2015]). In support of its argument that the petition failed to allege facts that would constitute a cognizable cause of action against the unidentified individual, the school contends that the petition failed to adequately allege extreme and outrageous conduct.

The element of outrageous conduct "serves the dual function of filtering out petty and trivial complaints that do not belong in court, and assuring that plaintiff's claim of severe emotional distress is genuine" (*Howell v New York Post Co.*, 81 NY2d at 121, citing William L. Prosser, *Insult and Outrage*, 44 Cal L Rev 40, 44-45 [1956]). " 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment *d*; *see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]; *Taggart v Costabile*, 131 AD3d at 249-250). Indeed, "where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation, a remedy is available in the form of an action for the intentional infliction of emotional distress" (*Nader v General Motors Corp.*, 25 NY2d 560, 569 [1970]; *see Vasarhelyi v New School for Social Research*, 230 AD2d 658, 661 [1996]). Here, assuming the truth of the facts alleged in the petition, the acts complained of could be found by a trier of fact to amount to extreme and outrageous conduct which cannot be tolerated in a civilized community (*see Sawicka v Catena*, 79 AD3d 848, 849-850 [2010]; *see also Dana v Oak Park Marina*, 230 AD2d 204, 209 [1997]; *cf. Vasarhelyi v New School for Social Research*, 230 AD2d at 661; *Kaminski v United Parcel Serv.*, 120 AD2d 409, 412 [1986]).

In light of the foregoing we need not determine whether the petition states any additional causes of action. Furthermore, the school's remaining contentions are either without merit or improperly raised for the first time on appeal.

In sum, since the petitioners have limited their requested disclosure to obtaining the identity of prospective defendants and have alleged facts fairly indicating that they have a cause of action, the Supreme Court properly granted the petition to the extent of directing the school to disclose the names of the individuals who provided it with the photograph and identified E.L. as the subject of the photograph (*see* CPLR 3102 [c]; *Matter of Toal v Staten Is. Univ. Hosp.*, 300 AD2d at 592; *Matter of Stewart v New York City Tr. Auth.*, 112 AD2d at 940). Rivera, J.P., Austin, Miller and Barros, JJ., concur.