Matter of Weitzman v Long Beach City Sch. Dist. (2019 NY Slip Op 06092)





Matter of Weitzman v Long Beach City Sch. Dist.


2019 NY Slip Op 06092


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01735
 (Index No. 606835/16)

[*1]In the Matter of Lisa Weitzman, et al., appellants,
v
Long Beach City School District, et al., respondents.


Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Debra L. Wabnik and David R. Ehrlich of counsel), for appellants.
Keane & Beane, P.C., White Plains, NY (Susan E. Fine and Frazer & Feldman, LLP, of counsel), for respondents Long Beach City School District, Sabrina Cantore, Randie Berger, Amy Teemer, Kristen Pipitone, Raquel Lopez, Dana D'Alessio, and David Weiss.
Robert T. Reilly, New York, NY (Catherine V. Battle and Christopher Lewis of counsel), for respondents Joanna Rea, Steve Freeman, and Katherine Casey.
Perkins Coie, New York, NY (Jeffrey D. Vanacore of counsel), for respondent Facebook, Inc. (no brief filed).



DECISION & ORDER
In a proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure, the petitioners appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered December 21, 2016. The order, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On September 7, 2016, the petitioners commenced this proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure to ascertain the identity of the individuals who had drafted and distributed an alleged defamatory letter regarding the petitioners, so that those individuals could be named as defendants in a prospective action to recover damages for defamation. While this proceeding was pending, the petitioners commenced a defamation action on September 30, 2016, against, among others, John Doe and Jane Doe, representing the individuals who drafted and distributed the letter. In an order entered December 21, 2016, the Supreme Court, inter alia, denied the petition and dismissed the proceeding to obtain pre-action disclosure on the ground that such disclosure was unavailable because an action had been commenced. The petitioners appeal.
CPLR 3102(c) provides in relevant part that, "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." " [D]isclosure to aid in bringing an action (CPLR 3102[c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the [*2]prospective defendants'" (Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239, 1240, quoting Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940 [internal quotation marks omitted]; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 129 affd 16 NY3d 775). However, pre-action disclosure pursuant to CPLR 3102(c) to identify prospective defendants ordinarily is not available to a petitioner once the action for which the identities are sought has been commenced (see Page v Niagara Falls Mem. Med. Ctr., 167 AD3d 1428, 1432; Matter of Johnson v Union Bank of Switzerland, AG, 150 AD3d 436).
Here, the petitioners commenced the defamation action while their proceeding pursuant to CPLR 3102(c) was pending. Thus, the Supreme Court providently exercised its discretion in denying the petition for pre-action disclosure (see CPLR 3102[c]; Matter of Johnson v Union Bank of Switzerland, AG, 150 AD3d at 436). As the court noted in the order appealed from, the identities of the individuals who drafted and distributed the subject letter may be obtained through discovery in the related defamation action (see CPLR 3101[a]; see generally Bumpus v New York City Tr. Auth., 66 AD3d 26, 33-35).
The parties' remaining contentions need not be reached in light of our determination.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court