Matter of Diaz v Metropolitan Tr. Auth. (2021 NY Slip Op 00171)





Matter of Diaz v Metropolitan Tr. Auth.


2021 NY Slip Op 00171


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-03727
2019-03728
 (Index No. 151883/18)

[*1]In the Matter of Antonio Morales Diaz, petitioner-respondent,
v
Metropolitan Transit Authority, et al., appellants, et al., respondents.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure, the Metropolitan Transit Authority and the Staten Island Transit Operating Authority appeal from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated October 31, 2018, and (2) an order of the same court dated February 4, 2019. The order dated October 31, 2018, insofar as appealed from, granted that branch of the petition which was to compel them to disclose a certain surveillance video. The order dated February 4, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated October 31, 2018, granting that branch of the petition.
ORDERED that the appeal from so much of the order dated October 31, 2018, as granted that branch of the petition which was to compel the disclosure of a certain surveillance video is dismissed, without costs or disbursements, as that portion of the order was superseded by so much of the order dated February 4, 2019, as was made, in effect, upon reargument; and it is further,
ORDERED that the order dated February 4, 2019, is affirmed insofar as appealed from, without costs or disbursements.
On March 20, 2018, the petitioner allegedly was injured when he fell from the Tompkinsville station platform onto the tracks and was struck by a train of the Staten Island Rapid Transit Operating Authority, sued herein as Staten Island Transit Operating Authority (hereinafter SIRTOA). By order to show cause dated July 20, 2018, the petitioner commenced this proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure, including video and surveillance films. By affirmation dated August 14, 2018, the Metropolitan Transportation Authority, sued herein as Metropolitan Transit Authority, and SIRTOA (hereinafter together the appellants) opposed the petition. On August 17, 2018, the petitioner testified at a hearing pursuant to General Municipal Law § 50-h and Pubic Authorities Law § 1212(5). The petitioner served papers in reply dated October 29, 2018. In an order dated October 31, 2018, the Supreme Court granted that branch of the petition which was to compel the appellants to produce footage from the surveillance video of the Tompkinsville station which was captured on March 20, 2018, between 1:00 a.m. and 5:30 a.m., and adjourned the return date of the petition to January 23, 2019, pending resolution, inter alia, of the petitioner's requests pursuant to the Freedom of Information Law. Thereafter, the appellants failed [*2]to produce the surveillance video. In an order dated February 4, 2019, the court, in effect, upon reargument, adhered to the determination in the October 31, 2018 order granting that branch of the petition which was to compel the appellants to produce the surveillance video.
CPLR 3102(c) provides in relevant part that "before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." "[D]isclosure to aid in bringing an action (CPLR 3102[c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the prospective defendants" (Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239, 1240 [internal quotation marks omitted]; see Matter of Weitzman v Long Beach City Sch. Dist., 175 AD3d 504, 505; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 129, affd 16 NY3d 775).
Here, the facts alleged by the petitioner state a cause of action and the discovery that he seeks is limited to obtaining the identity of prospective defendants (see Matter of Leff v Our Lady of Mercy Academy, 150 AD3d at 1241; Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592, 592; Matter of Stewart v New York City Trans. Auth., 112 AD2d 939). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition which was to compel the appellants to produce the surveillance video.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court