Matter of Westbrook v Metropolitan Transp. Auth. (2024 NY Slip Op 01814)

Matter of Westbrook v Metropolitan Transp. Auth.

2024 NY Slip Op 01814

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08435
 (Index No. 85196/22)

[*1]In the Matter of Barbara Westbrook, petitioner-respondent,
v
Metropolitan Transportation Authority, et al., appellants, City of New York, et al., respondents.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
The Grandelli Firm, New York, NY (Moses Ahn and Leigh D. Eskenasi of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR 3102(c), inter alia, to obtain pre-action disclosure, the Metropolitan Transportation Authority and the New York City Transit Authority appeal from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 12, 2022. The order, insofar as appealed from, granted that branch of the petitioner's motion which was to compel the Metropolitan Transportation Authority and the New York City Transit Authority to disclose certain materials.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner allegedly sustained personal injuries when she was struck by a bus and rendered unconscious at a bus stop in Staten Island. The petitioner commenced this proceeding pursuant to CPLR 3102(c) against, among others, the Metropolitan Transportation Authority and the New York City Transit Authority (hereinafter together the appellants) and moved, among other things, to compel the appellants to disclose certain documents, video, and black box data relating to the alleged incident. The Supreme Court granted that branch of the petitioner's motion which was to compel the appellants to disclose certain materials. This appeal ensued.
CPLR 3102(c) provides, in relevant part, that "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." "'[D]isclosure to aid in bringing an action (CPLR 3102[c]) authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identity of the prospective defendants'" (Matter of Diaz v Metropolitan Tr. Auth., 190 AD3d 734, 735, quoting Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239, 1240). Where "'the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate'" (Matter of Leff v Our Lady of Mercy Academy, 150 AD3d at 1241, quoting Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.], 58 AD2d 629, 630).
Here, the facts alleged by the petitioner in the petition state a prima facie cause of [*2]action, and the discovery that the petitioner requested was necessary to identify prospective defendants and to determine the form or forms that the action should take (see Matter of Diaz v Metropolitan Tr. Auth., 190 AD3d at 735; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940; cf. Matter of Neham v New York City Tr. Auth., 202 AD3d 965, 966; Matter of Rann v Metropolitan Transp. Auth., 22 AD3d 586, 587). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petitioner's motion which was to compel the appellants to disclose certain materials (see Matter of Diaz v Metropolitan Tr. Auth., 190 AD3d at 735; Matter of Stewart v New York City Tr. Auth., 112 AD2d at 940).
The appellants' contention that the requested discovery was overbroad and burdensome is improperly raised for the first time on appeal.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court