Matter of Castillo (Greaves) (2024 NY Slip Op 51317(U))

[*1]

Matter of Castillo (Greaves)

2024 NY Slip Op 51317(U)

Decided on September 24, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
Supreme Court, Kings County

In the Matter of the Application of Monica Castillo, Petitioner, 
 for an Order pursuant to of the Civil Practice Law and Rules of the State of New York § 3102(c) and all other applicable laws, statutes, and regulations, Permitting Preservation and Production of Discovery, from: 
 Desmond Greaves a/k/a Desmond H. Greaves II, DG Custom Built Homes & Remodeling, LLC, and CNC Coatings Corp. d/b/a Airseal Insulations Inc., Respondents.

Index No. 519019/2024

Edelman & Edelman, P.C., New York City (Cameron Thompson of counsel), for Petitioner.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 1-16.
Upon the foregoing papers, all submitted by Petitioner, there being no written opposition, and having heard oral argument from counsel for Petitioner in support of the petition, and due deliberation having been had, the within petition is determined as follows.
BACKGROUND
Petitioner alleges that on June 24, 2024, she was performing home insulation work at the first level of a partially constructed structure at 134 Daly Road, East Northport, New York 11731 (the "Premises") when she fell approximately 12 feet through an unfinished and unprotected opening in the flooring and into the basement below. Petitioner alleges that she was removed via ambulance from the Premises to a hospital, where she was diagnosed with a fractured T12 vertebra, among other injuries.
Petitioner alleges that the Premises were owned by DESMOND GREAVES a/k/a DESMOND H. GREAVES II ("GREAVES"), who is the owner of DG CUSTOM BUILT HOMES & REMODELING ("DG"). Petitioner alleges that when she was injured she was assisting in the performance of insulation work at the premises on behalf of CNC COATINGS [*2]CORP. d/b/a AIRSEAL INSULATIONS INC. ("CNC").
Petitioner alleges that at the time of the incident she was engaged in protected activities under the New York State Labor Law and as such she was entitled to, but was not afforded, the protections of the New York State Labor Law. Petitioner alleges that prospective defendants breached their statutory duties owed to her and this breach caused her to fall through the flooring while she was performing her insulation work, which resulted in significant personal injuries and damages.
Petitioner alleges that the Premises were not used as a residence at the time of the incident and that GREAVES' control of the Premises may have exceeded that of the ordinary homeowner, including coordinating with subcontractors. Petitioner alleges these facts may obviate prospective defenses to liability for her injuries pursuant to the Labor Law by GREAVES as a one- or two-family homeowner.

PETITIONER'S APPLICATION PURSUANT TO CPLR 3102 (c)
Before the Court is Petitioner's application for an Order pursuant to CPLR 3102 (c), compelling the Respondents to identify the entities who directed, supervised, managed, or otherwise controlled construction, renovation, insulation work, and/or other work performed at the Premises on or about June 24, 2024, including the identity of the contractors, owners, and their agents who were present at the Premises on or about June 24, 2024 (the "Materials Sought for Production").
Petitioner seeks the Materials Sought for Production to allow her to frame a complaint and to obtain the identities of prospective defendants in her potential action for personal injuries and damages pursuant to New York State Labor Law §§ 240 (1) and 241 (6).
The Petitioner's application also includes a request for an Order compelling the Respondents to preserve various items of information referred to as the "Materials Requested to Be Preserved," which include contact information and roles of all relevant entities, permits and related documents, contracts and agreements, safety protocols and incident reports, employment records, insurance details, surveillance footage, and photographs.

DISCUSSION
Pursuant to CPLR 3102 (c), "Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order. The court may appoint a referee to take testimony." Such disclosure may be sought within the confines of a special proceeding (see Bumpus v New York City Tr. Auth., 66 AD3d 26 [2d Dept 2009]). Pre-action disclosure may be appropriate to preserve evidence (see Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346 [1st Dept 2000]).
Disclosure to aid in bringing an action authorizes discovery to allow a plaintiff to frame a complaint and to obtain the identities of prospective defendants (see Westbrook v Metropolitan Transp. Auth., 226 AD3d 692, 693 [2d Dept 2024]; Matter of Diaz v Metropolitan Tr. Auth., 190 AD3d 734 [2d Dept 2021]). Where the facts alleged state a cause of action, the protection of a party's affairs is no longer the primary consideration and an examination to determine the identities of the parties and what form or forms the action should take is appropriate (see Westbrook, 226 AD3d at 693, citing Matter of Houlihan-Parnes, Realtors v Cantor, Fitzgerald & Co., 58 AD2d 629, 630 [2d Dept. 1977]).
New York State Labor Law § 240 (1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevated-related hazards (see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748 [2d Dept. 2024]). The purpose of the [*3]statute is to protect workers from pronounced risks arising from construction site elevation differentials (see id.). Such an elevation risk may exist in the form of an uncovered, unguarded opening in a floor through which an insulation work falls, as was the case in Fuentes where the plaintiff was performing insulation work when he fell through an opening in an attic space and was injured. The opening was intended to be covered by a panel that would provide access to the attic upon completion of construction, but it was not covered. 
Under Fuentes, the failure to provide proper protection to an insulation worker from an uncovered and unguarded opening may be considered a proximate cause of a plaintiff's injuries and liability pursuant to Labor Law § 240 (1) may therefore be proper.
Labor Law § 241 (6) requires that construction sites be conducted so "as to provide reasonable and adequate protection and safety to persons employed thereon" and to "prevail on a cause of action alleging a violation of Labor Law 241(6), a plaintiff must establish a violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Fuentes, 225 AD3d at 749). 12 NYCRR 23-1.7 (b) (1) (i) "mandates that holes or 'hazardous openings' at construction sites 'into which a person may step or fall' be 'guarded by a substantial cover fastened in place or by [the installation of] a safety railing' " (id., quoting Ortiz v 164 Alt. Ave., LLC, 77 AD3d 807, 809-810 [2d Dept 2010]).
The failure to provide a substantial cover or safety railing in accordance with the Industrial Code may likewise constitute a proximate cause of a plaintiff's injuries under Fuentes and liability pursuant to Labor Law § 241 (6) may therefore be proper.
As an insulation worker who was working at the Premises, the Petitioner's allegations establish she may be entitled to the protections of New York State Labor Law §§ 240 (1) and 241 (6), the violations of which she adequately has alleged caused her to fall 12 feet and suffer personal injuries. Petitioner's allegations establish meritorious prospective causes of action for violations of New York State Labor Law §§ 240 (1) and 241 (6) against certain known and yet-to-be-ascertained entities, should they exist.
Petitioner's application for an Order pursuant to CPLR 3102 (c) should be granted in its entirety. The Materials Requested Sought for Production will assist in ascertaining the identities of prospective Labor Law defendants, entities which may have directed, supervised, managed, or otherwise controlled construction, renovation, or other work performed at the Premises on or about June 24, 2024.
Similarly, the Materials Requested to Be Preserved are material and necessary to the Petitioner's prospective causes of action. The items described in the Materials Requested to Be Preserved include contact information and roles of all relevant entities, permits and related documents, contracts and agreements, safety protocols and incident reports, employment records, insurance details, surveillance footage, and photographs.
The foregoing items and those described below are and will be material and necessary throughout discovery in the Petitioner's alleged causes of action for violations of New York State Labor Law §§ 240 (1) and 241 (6) (see Matter of Buenabad v CRP Sanitation, Inc., 2019 WL 452137 [Sup Ct. NY County 2019]; Matter of Cruz v Samos Constr., Inc., 2015 WL 1401743 [Sup Ct, NY County 2015]; Matter of Madeira v MTA Capital Constr. E.E. Cruz & Co., Inc., 2015 WL 402888 [Sup Ct, NY County 2015]).
Despite having been served, none of the Respondents have submitted opposition to Petitioner's application.

 CONCLUSION
Accordingly, the Petitioner's application for pre-action discovery pursuant to CPLR 3102 (c) is GRANTED.
It is hereby ORDERED, DECREED, and ADJUDGED as follows:
Petitioner MONICA CASTILLO, having an address of 375 61st Street, Brooklyn, New York 11220, shall have JUDGMENT against Respondent DESMOND GREAVES a/k/a DESMOND H. GREAVES II, having addresses of 134 Daly Road, East Northport, New York 11731 and 13 Bay Shore Road, Bay Shore, New York 11706; Respondent DG CUSTOM BUILT HOMES & REMODELING, LLC, having addresses of 134 Daly Road, East Northport, New York 11731 and 13 Bay Shore Road, Bay Shore, New York 11706; and Respondent CNC COATINGS CORP. d/b/a AIRSEAL INSULATIONS INC., having an address of 1961 Utica Avenue, Brooklyn, New York 11234,
(a) compelling said Respondents to identify to Petitioner's counsel, on or before October 14, 2024, the entities who directed, supervised, managed, or otherwise controlled construction, renovation, insulation work, and/or other work performed at the 134 Daly Road, East Northport, New York 11731 (the "Premises") on or about June 24, 2024, including the identity of the contractors, owners, and their agents who were present at the Premises on or about June 24, 2024; and
(b) compelling said Respondents to preserve the following information, documents, and items through and including June 24, 2040, or until final judicial proceedings between Petitioner and Respondents with respect to an alleged accident on June 24, 2024 described herein have terminated, if same shall occur before June 24, 2040, or unless otherwise ordered or adjudged by the Supreme Court of the State of New York:
i. Contact information or documentation regarding the roles of the entities identified pursuant to an Order entered upon the Court's consideration of the Petitioner's Application;
ii. Permits, and applications for such permits, issued to the entities conducting construction work at the property on or about June 24, 2024; documents detailing the application for approval, criteria for approval, and the conditions or requirements specified in any such permits regarding the work, renovation, and/or construction done at the Premises; correspondence and communications related to the issuance, renewal, or modification of such permits; records of inspections or compliance checks conducted as part of the permitting process; violations or citations issued or received relating to such work, including follow-up actions or resolutions;
iii. Contracts, agreements, and other documents related to the involvement in the planning, construction, renovation, insulation work, and/or other similar work performed at the Premises; communications related to construction work or other similar work taking place on at the Premises on or about June 24, 2024; the building plans, architectural drawings, and structural engineering reports for structures located the Premises; schedules for construction, renovation, insulation work, and other work performed at the Premises on or about June 24, 2024;
iv. Safety protocols and quality control measures related to the construction, renovation, insulation work, and other work being performed at the Premises on or about June 24, 2024; safety plans, risk assessments, and hazard mitigation strategies for work done at [*4]the premises; Job Safety Analysis (JSA) or Job Hazard Analysis (JHA) documents created for the work being performed at the Premises including for the work performed on or about June 24, 2024; records of safety meetings, toolbox talks, or similar safety briefings conducted with workers on and prior to June 24, 2024; incident reports of injuries, complaints, or records of accidents at the Premises; records of training and certifications for the workers present on the site on June 24, 2024, including those related to fall protection and safety measures; site safety logbooks or diaries maintained for work performed at the Premises, including entries on or about June 24, 2024; the inspection and maintenance records for the site, including those concerning the structural integrity of flooring and basement area(s) at the Premises; employment and contractor records, including timecards and payroll records, for the workers who worked at the construction site on June 24, 2024; the agreements with contractors and subcontractors involved in the work performed at the Premises on or about June 24, 2024, including communications related to their work and responsibilities on the date of the incident;
v. The insurance certificates, policies, and condition specifications regarding insurance coverage details for the entities who were performing construction work or work related to the construction project at the Premises, including the work performed on June 24, 2024;
vi. Surveillance or security footage depicting the first floor and basement on June 24, 2024; photographs or videos taken of work performed at the Premises on June 24, 2024 and for a period of three months prior; surveillance or security footage or photographic depictions of the Premises since the commencement of construction thereat;
vii. Incident reports and first aid or medical reports concerning injuries and medical treatment rendered to MONICA CASTILLO, including her transportation from the Premises for the purposes of medical treatment; all statements and recordings of statements made by witnesses to the incident, including other workers, co-workers, supervisors, and bystanders who gave statements; and
viii. Documentation and records indicating the extent to which any of the Respondents or newly identified entities supervised or controlled the means and methods of the work performed at the site, including but not limited to site management logs, supervisory records, and directives issued to workers; and information regarding whether the Premises was furnished, had active utilities, or was occupied on or about June 24, 2024, including utility bills, occupancy records, and any rental or lease agreements.
The within Decision, Order, and Judgment shall be served upon Respondents no later than September 30, 2024, by personal service pursuant to the CPLR upon each of the Respondents, as well as by United States Postal Service Express Mail, Certified Mail Return Receipt Requested, and First-Class Mail with Certificate of Mailing to their addresses set forth herein.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York